Michael I. Wayne, Esq. (CSB # 169840)
mwayne@gglts.com
Gary E. Scalabrini, Esq. (CSB # 161902)
gscalabrini@gglts.com
GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
(310) 552-3400
Fax (310) 552-0805

Attorneys for Defendants
ELAINE K. MOORE AND MARK PELUSO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, an Arizona limited liability company; STATE INSULATION, LLC, a Nevada limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, an individual,<br><br>Defendants. | Case No. 3:11-cv-01591-AJB-BLM<br><br>**REPLY OF DEFENDANTS MELANIE MOORE AND MARK PELUSO TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS**<br><br>**[FRCP 12(b)(6)]**<br><br>Date: December 23, 2011<br>Time: 1:30 p.m.<br>Ctrm: 12 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants, Elaine K. Moore, aka Melanie K. Moore ("Melanie Moore") and Mark Peluso ("Peluso") (Moore and Peluso shall be collectively referred to as the "Moving Defendants") hereby file the following Memorandum of Points and Authorities in reply to the Response of Plaintiff, John T. Hardisty ("Plaintiff" or "Hardisty") to Defendants' motion to dismiss the second and fifth causes of action of the Amended Complaint.



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# TABLE OF CONTENTS

Page


I. Introduction .......... 1

II. Argument .......... 1

A. The Choice of Law Provision Dictates That Tennessee Law Encompasses the Claim for Breach of Fiduciary Duty .......... 1

B. Plaintiff Fails to Allege Any Fiduciary Relationship Between Hardisty and Harold Moore .......... 5

C. Plaintiff's Civil RICO Claim Fails Because There Exists No Threat of Continuing Activity .......... 6

1. Plaintiff Fails to Allege a Pattern of Racketeering Activity .......... 8

D. Plaintiff's Fifth Cause of Action Should Be Dismissed Because Plaintiff Has Plead No More Than "One Scheme" With a "Single Victim" .......... 9

III. Conclusion .......... 10




GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# TABLE OF AUTHORITIES

Page

**CASES**

*Barbara A. v. John G.*,
145 Cal.App.3d 369 (1983) ........ 5

*Edmondson & Gallagher v. Alban Towers Tenants Ass'n*,
48 F.3d 1260 (D.C. Cir. 1995) ........ 10

*Edwards v. Marin Park, Inc.*,
356 F.3d 1058 (9th Cir. 2004) ........ 8

*GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*,
83 Cal.App.4th 409 (2000) ........ 5

*H.J. Inc. v. Northwestern Bell Telephone Co.*,
492 U.S. 229 (1989) ........ 6, 7

*Maglica v. Maglica*,
66 Cal.App.4th 442 (1998) ........ 5

*Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*,
833 F.2d 1360 (9th Cir. 1987) ........ 9

*Nedloyd Lines B.V. v. Superior Court*,
3 Cal.4th 459 (1992) ........ 2, 3, 4

*Raney v. Allstate Ins. Co.*,
370 F.3d 1086 (11th Cir.2004) ........ 7

*Reeves v. Hanlon*,
33 Cal.4th 1140 (2004) ........ 5

*Schreiber Distrib. Co. v. Serv-Weil Furniture Co., Inc.*,
806 F.2d 1393 (9th Cir. 1986) ........ 8

*Sever v. Alaska Pulp Corp.*,
978 F.2d 1529 (9th Cir. 1992) ........ 9

*Sime v. Malouf*,
95 Cal.App.2d 82, 98 (1949) ........ 5, 6

# TABLE OF AUTHORITIES

Page

*United States v. Pendergraft*,
297 F.3d 1198 (11th Cir.2002) .......... 7

*United States v. Williams*,
441 F.3d 716, 724 (9th Cir. 2006) .......... 8

*Vai v. Bank of America*,
56 Cal.2d 329, 337 (1961) .......... 5, 6

STATUTES

18 U.S.C. §§ 1341, 1343, 1951, 1961 .......... 8

18 U.S.C. § 1951 .......... 7

18 U.S.C. § 1962 .......... 6

18 U.S.C. §§ 1961–1968 .......... 1

OTHER AUTHORITIES

Federal Rules of Civil Procedure, Rule 9 .......... 8

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

In his Response to Moving Defendants' motion to dismiss, Plaintiff contends that he has adequately alleged his second cause of action for aiding and abetting a breach of fiduciary duty and fifth cause of action for violation of the federal Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). In making his contention, however, Plaintiff misstates the allegations contained in his Amended Complaint, misunderstands the case authority upon which he relies and misconstrues the essential allegations necessary to state a claim for breach of fiduciary duties and for violation of RICO. Ultimately, as explained in Defendants' moving papers and below, Plaintiff has failed to sufficiently plead the claims at issue. Therefore, this Court should dismiss the second and fifth causes of action, without leave to amend.

## II. Argument

### A. The Choice of Law Provision Dictates That Tennessee Law Encompasses the Claim for Breach of Fiduciary Duty

In his Response, Plaintiff does not dispute that under Tennessee law, a member to a limited liability company cannot assert a claim for breach of fiduciary duty against another member. (See, Response, pgs. 3:27 – 4:2.) Nor does Plaintiff dispute that under the terms of the Operating Agreement for Legacy Pointe Apartments LLC ("Legacy Pointe"), a copy of which is attached to and incorporated into the Amended Complaint, any claims arising under the agreement are to "be construed in accordance with and governed by the laws of the State of Tennessee." (Operating Agreement, § 7.02; see also, Response, pg. 3:25-27.) Rather, Plaintiff maintains that his claim for breach of fiduciary duty (upon which the second claim for aiding and abetting is based), asserts a fiduciary relationship "under California

common law, arising out of a special confidential relationship that existed between Plaintiff and Hal Moore. (Response, pg. 4:6-7.) Not only has Plaintiff failed to plead a fiduciary relationship necessary to support his claim (discussed *infra*), but the choice of law provision, which dictates that Tennessee law be applied, encompasses Plaintiff's claim for breach of a fiduciary duty.

As explained in the Defendants' moving papers, when the contract at issue contains a choice of law provision, California courts will apply the substantive law designated by the contract unless: (1) the chosen state has no substantial relationship to parties or other transactions, or (2) the application of the law of the chosen state would be contrary to a fundamental policy of the forum state. *Nedloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 479 (1992). If the court applies the law of the chosen jurisdiction, the choice of law provision is fully enforceable and applicable to ancillary claims, such as breach of fiduciary duties. *Id.*, 3 Cal.4th at 470.

In *Nedloyd*, a contract between commercial entities to finance and operate an international shipping business contained a choice-of-law provision, which required that the contract be "governed by" the law of Hong Kong. Plaintiff filed suit asserting a number of claims, including claims for breach of contract and breach of fiduciary duties. In overruling a demurrer on the fiduciary claim, the trial court applied California law and the Court of Appeal summarily denied defendant's writ petition challenging the trial's court order. On review to the California Supreme Court, plaintiff asserted that, whether or not the choice-of-law clause governed plaintiff's claim for breach of fiduciary duty was independent of the underlying agreement and therefore outside the intended scope of the choice-of-law clause. Plaintiff thus asserted that California law must be applied to the fiduciary claim. *Nedloyd*, 3 Cal.4th at 468. The California Supreme Court disagreed.

In reversing the decision of the lower courts, the California Supreme Court found that when two entities agree to a choice-of-law clause like the one presented in the case, "the most reasonable interpretation of their actions is that they intended for





GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

the clause to apply to all causes of action arising from or related to their contract." *Nedloyd*, 3 Cal.4th at 468. The Court noted that the use of the phrase "governed by" in the choice-of-law clause was extremely broad, signifying the parties' contemplation that the agreement was to be completely and absolutely controlled by Hong Kong law. *Id.*, 3 Cal.4th at 469. More importantly, the Court further found that the clause indicated the parties' intention that Hong Kong law govern the legal duties and conduct relating to or created by the agreement, including any fiduciary duties. *Id.* The Court explained its findings, as follows:

> Our conclusion in this regard comports with common sense and commercial reality. When a rational businessperson enters into an agreement establishing a transaction or relationship and provides that disputes arising from the agreement shall be governed by the law of an identified jurisdiction, the logical conclusion is that he or she intended that law to apply to all disputes arising out of the transaction or relationship. We seriously doubt that any rational businessperson, attempting to provide by contract for an efficient and business-like resolution of possible future disputes, would intend that the laws of multiple jurisdictions would apply to a single controversy having its origin in a single, contract-based relationship. Nor do we believe such a person would reasonably desire a protracted litigation battle concerning only the threshold question of what law was to be applied to which asserted claims or issues. Indeed, the manifest purpose of a choice-of-law clause is precisely to avoid such a battle.

*Nedloyd*, 3 Cal.4th at 469-470.

///

Accordingly, the Court held that the choice-of-law clause, which provided that a specified body of law "governed" the agreement between the parties, encompassed all of plaintiff's causes of action, regardless of how they were characterized, including those for breach of fiduciary duties. *Nedloyd*, 3 Cal.4th at 470.

In the present case, the agreement between the parties provided that any claims arising under the agreement are to "be construed in accordance with and **governed by** the laws of the State of Tennessee. [Emphasis added.]" (Operating Agreement, § 7.02.) As set forth in the Amended Complaint, Plaintiff alleges that Mr. Moore was a fiduciary as "a result of his capacity as co-Member and partner of Plaintiff in the Company. . ." (Amended Complaint, ¶ 182.) Despite this allegation, Plaintiff contends that their fiduciary relationship is based on their close personal friendship, as well as their membership in the limited liability company. As discussed below, this personal relationship does not constitute a fiduciary relationship, as to give rise to a claim for breach of fiduciary duties. More importantly, as alleged in the Amended Complaint, the alleged fiduciary duties relate to Legacy Pointe, and therefore, the underlying Operating Agreement. As alleged in the Amended Complaint:

> "[A]s a result of Defendant's breached of fiduciary duties, Defendant Hal Moore has obtained Plaintiff's membership interest in the Company . . . Defendant breached his fiduciary duties as a result of his overriding motivation to profit from his position in the Company. Defendant acted in his own self-interest and did so at the expense of Plaintiff and the Company."

Amended Complaint, ¶ 194.

Mr. Moore denies the allegations made by the Plaintiff. However, for the purpose of this motion, the allegations arise from or are related to the parties' obligations under the Operating Agreement, and therefore, the agreement



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

encompasses all of Plaintiff's causes of action, regardless of how they are characterized. As explained in the moving papers, Plaintiff's claims, including that for breach of fiduciary duty and the related claim for aiding and abetting are to be construed in accordance with and governed by the laws of the State of Tennessee. Under Tennessee law, individual members of a member-managed limited liability company do not owe a fiduciary duty to the other members. Accordingly, the second cause of action as to the Moving Defendants should be dismissed, without leave to amend.

### B. Plaintiff Fails to Allege Any Fiduciary Relationship Between Hardisty and Harold Moore

In his Response, Plaintiff asserts that he has alleged a fiduciary relationship under California common law. As set forth above, the only relationship alleged by Plaintiff arises under the Operating Agreement, which is governed under the laws of Tennessee. Under Tennessee law, there is no fiduciary relationship between the parties under the agreement. More importantly, absent the Operating Agreement, Plaintiff has failed to allege any relationship that would give rise to fiduciary duties under California law.

Under California law, there are two kinds of fiduciary duties - those imposed by law and those undertaken by agreement. (*See, GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal.App.4th 409, 416 (2000), *disapproved on other grounds in Reeves v. Hanlon*, 33 Cal.4th 1140, 1153 (2004); *see also, Maglica v. Maglica*, 66 Cal.App.4th 442, 447 (1998). Fiduciary duties are imposed by law in certain technical, legal relationships, such as such as those between partners or joint venturers, *Sime v. Malouf*, 95 Cal.App.2d 82, 98 (1949); husbands and wives, *Vai v. Bank of America*, 56 Cal.2d 329, 337 (1961); and, guardians and wards, trustees and beneficiaries, principals and agents, and attorneys and clients, *Barbara A. v. John G.*, 145 Cal.App.3d 369, 382-383 (1983). The court in *Barbara A.* termed this kind of fiduciary relationship, in which a fiduciary duty is

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

imposed as a matter of law, a "legally recognized fiduciary relationship." ( *Id.*, 145 at p. 383.)

In this case, Plaintiff fails to allege any legally recognized fiduciary relationship. Rather, as alleged by Plaintiff in his Amended Complaint, he was a "close friend and mentor in the construction industry." (Amended Complaint, ¶ 10.) A personal friendship, however, does not constitute a legally recognized fiduciary relationship. In his Response, Plaintiff does not cite any California authority that holds that a personal friendship is a fiduciary. Indeed, the case relied upon by Plaintiff, *Vai v. Bank of America, supra,* relates to a husband's fiduciary duties with respect to his wife's interest in the community property. *Vai*, 56 Cal.2d at 338. No such legally recognized fiduciary relationship exists here, and therefore, Plaintiff's reliance of *Via* is misplaced.

To the extent that Plaintiff's asserts that there are fiduciary duties imposed by agreement, the agreement alleged by Plaintiff is the Operating Agreement. Again, the Operating Agreement is governed under Tennessee law, which provides no fiduciary relationship between the parties under the agreement. Therefore, since Plaintiff has not and cannot allege a fiduciary relationship between Plaintiff and Mr. Moore, the Court should dismiss the second claim for aiding and abetting the breach, with prejudice.

**C. <u>Plaintiff's Civil RICO Claim Fails Because There Exists No Threat of Continuing Activity</u>**

To prevail on a civil RICO claim, a plaintiff must plead and prove, among other things, a "pattern of criminal activity." 18 U.S.C. § 1962. In *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989), relied upon by Plaintiff in his Response, the Supreme Court defined the term "pattern" in the RICO statute as the "showing of a relationship between the predicates" and of "the threat of continuing activity." *H.J., Inc.*, 492 U.S. at 239 (citing to Legislative History, S. Rep. No. 91-617 at 158 (1969).) "It is this factor of continuity plus relationship which

combines to produce a pattern." *Id.* As to continuity, a plaintiff . . . must prove continuity of racketeering activity, or its threat." *Id.*, 492 U.S. at 241. Ultimately, to establish a pattern, "it must be shown that the predicates themselves amount to, or that they otherwise constitute, a threat of continuing racketeering activity." *Id.*, 492 U.S. at 240-241.

As explained in the Defendants' moving papers, Plaintiff cannot establish a threat of continuing racketeering activity. As alleged in the Amended Complaint, the object of the RICO scheme was to acquire Plaintiff's interest in Legacy Pointe and the Project. (Amended Complaint, ¶ 267.) According to the Plaintiff, the Project has concluded and he has been deprived of his profit and interest in the Legacy Pointe and the Project. (Amended Complaint, ¶¶ 147, 150.) Indeed, as alleged in the complaint, Hal Moore purchased Plaintiff's 27 percent interest in the company in December 2008. (Amended Complaint, ¶ 305.) After Plaintiff "simply wanted 'out,'" Plaintiff transferred the additional 4.9 percent in the company held on his behalf by M-H (leaving Plaintiff with only .1% of Legacy Pointe) on February 28, 2009. (Amended Complaint, ¶ 147.) The object of the alleged RICO enterprise having been obtained, there is no threat of continuing racketeering activity.

In his Response, Plaintiff does not even address the issue of continuing racketeering activity, let alone identify any allegations of a threat of continuing racketeering activity. Plaintiff suggests that the racketeering activity is continuing through litigation to foreclose on his real property. (Response, pg. 14:14-15.) However, contrary to the representations by the Plaintiff in his Response, this litigation has also concluded and did not result in any order for the foreclosure of any real property. (*See*, Judgment Per Stipulation, submitted with the Request for Judicial Notice, filed concurrently herewith.) Moreover, neither the threat to litigate nor the fabrication of evidence behind the lawsuit constitutes "wrongful" conduct within the meaning of 18 U.S.C. § 1951 and therefore cannot be a predicate act under RICO. *See*, *Raney v. Allstate Ins. Co.*, 370 F.3d 1086 (11th Cir.2004); *United*



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

*States v. Pendergraft*, 297 F.3d 1198 (11th Cir.2002). In fact, as discussed below, Plaintiff has failed to sufficiently allege *any* predicate acts to support his claim. Therefore, Plaintiff's fifth cause of action for violation of RICO should be dismissed on this basis alone.

**1. Plaintiff Fails to Allege a Pattern of Racketeering Activity**

In its Response, Plaintiff contends that he has alleged the predicate acts necessary to establish a pattern of racketeering activity. (See, Response, pgs. 14:15 – 15:22.) However, upon review of the allegations cited by Plaintiff, it is apparent that Plaintiff has failed to allege sufficiently "predicate acts" or "racketeering activity," as defined under RICO.

"Racketeering activity," as used in Section 1962(c), is acts indictable under several provisions of Title 18 of the United States Code, which includes the predicate acts of mail fraud, wire fraud and extortion through threats of physical harm or economic loss. 18 U.S.C. §§ 1341, 1343, 1951, 1961. To establish a racketeering activity by mail or wire fraud, plaintiff must plead the following elements: (1) engaging in a scheme or artifice to defraud; and (2) using or causing the use of the mails or wires in order to further the fraudulent scheme or artifice. *United States v. Williams*, 441 F.3d 716, 724 (9th Cir. 2006). For predicate acts involving fraud, a plaintiff must plead facts with the particularity required by Rule 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-1066 (9th Cir. 2004). Consequently, allegations of mail or wire fraud "must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme." *Schreiber Distrib. Co. v. Serv-Weil Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Although Plaintiff alleges that Defendants engaged in fraudulent activity, which Defendants deny, he does not plead mail or wire fraud. Certainly, Plaintiff fails to plead any purported mail or wire fraud with the specificity required by Rule 9 of the Federal Rules of Civil Procedure. Nor has he plead any facts to establish extortion. Rather, in a conclusory manner, Plaintiff offers no more than allegations

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

asserting that Defendants "issue[d] threats of extortion." (Response, pg. 15:2 -22, citing, Amended Complaint, ¶ 270.) Plaintiff, therefore, has failed to sufficiently allege the predicate acts necessary to establish a pattern of racketeering activity.

**D. Plaintiff's Fifth Cause of Action Should Be Dismissed Because Plaintiff Has Plead No More Than "One Scheme" With a "Single Victim"**

Relying entirely on authority outside this Circuit or unpublished decisions, Plaintiff contends that it need not plead more than one scheme with a single victim. As explained in Defendants' moving papers, the plaintiff is not required to show that the defendants engaged in more than one "scheme" or "criminal episode" in order to establish the continuity requirement. *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987). However, the circumstances of the case must suggest that the predicate acts are indicative of a threat of continuing activity. *Id.* Consequently, in order to meet this requirement and establish a pattern of racketeering activity, a plaintiff must generally plead and prove more than one scheme with one victim. *Id.* Moreover, contrary to any suggestion by Plaintiff, this premise is well established in this Circuit. See, *Medallion Television*, 833 F.2d at 1363; *see also*, *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (granting summary judgment as to RICO claim for lack of "pattern" because the defendant's "collective conduct is in a sense a single episode having the singular purpose of impoverishing [plaintiff] and "there was but a single victim involved").

Moreover, contrary to Plaintiff's assertion in his Response, he has not alleged more than a single scheme to defraud him from his interest in Legacy Pointe. Although Plaintiff's allegations name various entities, including the federal Department of Housing and Urban Development ("HUD"), Wells Fargo, Munson-Hardisty LLC and Great American Insurance Company, he does not allege predicate acts directed toward such entities or that such entities were injured by predicated acts

committed by the Defendants. Indeed, none of these entities are plaintiffs to this or any other RICO action against the Defendants. Moreover, as noted in Defendants' moving papers, the alleged conduct by the Defendants, which they deny, was a part of a single scheme, which was to gain control of Plaintiff's interest in Legacy Pointe. (Complaint, ¶ 267.) Ultimately, Plaintiff alleges that Hal Moore, Melanie Moore, the Trust and State Insulation engaged in a single, finite scheme to gain interest and control of Legacy Pointe and the Project. (Amended Complaint, ¶ 267.) However, the "combination of these factors (single scheme, single injury, and few victims) makes it virtually impossible for plaintiff to state a RICO claim." *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995). Accordingly, this Court should grant the present motion and dismiss Plaintiff's fifth cause of action, without leave to amend.

## III. Conclusion

Therefore, for the reasons set forth in Defendants' moving papers and above, Melanie Moore and Peluso respectfully request that their motion to dismiss the second cause of action for aiding and abetting breach of fiduciary duties and fifth cause of action for violation of RICO be granted, without leave to amend.

DATED: November 18, 2011

Respectfully submitted,

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: s/ Gary E. Scalabrini
Gary E. Scalabrini
Attorneys for Defendants,
ELAINE K. MOORE and MARK PELUSO
E-mail: gscalabrini@gglts.com

**FEDERAL PROOF OF SERVICE**
*Hardisty v. Moore et al.*
Case No. 3:11-cv-01591-AJB-BLM

I, Gary E. Scalabrini, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Gibbs, Giden, Locher, Turner & Senet LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621. I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

On November 18, 2011, I served the document(s) described as **REPLY OF DEFENDANTS MELANIE MOORE AND MARK PELUSO TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS**

The documents were served by the following means:

☒ **BY COURT'S CM/ECF SYSTEM:** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below:

Ali M.M. Mojdehi
Baker and Mackenzie
12544 High Bluff Drive
Third Floor
San Diego, CA 92130
Telephone:(858) 523-6200
Facsimile: (858) 259-8290
Email: Ali.Mojdehi@bakermckenzie.com

William B. Federman
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560
Email: wbf@federmanlaw.com

Joshua D. Wells
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560
Email: jdw@federmanlaw.com

I declare that I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 18, 2011, at Los Angeles, California.

s/ Gary E. Scalabrini
Gary E. Scalabrini
Email: gscalabrini@gglts.com

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP