Michael I. Wayne, Esq. (CSB # 169840)
mwayne@gglts.com
Gary E. Scalabrini, Esq. (CSB # 161902)
gscalabrini@gglts.com
GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
(310) 552-3400
Fax (310) 552-0805

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, an Arizona limited liability company; STATE INSULATION, LLC, a Nevada limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, an individual,<br><br>Defendants. | Case No. 3:11-cv-01591-AJB-BLM<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date: April 20, 2012<br>Time: 1:30 p.m.<br>Ctrm: 12 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants hereby file the following memorandum of points and authorities in reply to the response filed by Plaintiff, John T. Hardisty ("Plaintiff" or "Hardisty") to Defendants' motion to dismiss the first, fourth, fifth, seventh and ninth causes of action of the Second Amended Complaint.

////



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........................................................................ 1

II. ARGUMENT ........................................................................ 2

A. As in the First Amended Complaint, Plaintiff's Claim for Civil RICO in the Second Amended Complaint Fails Because There Exists No Threat of Continuing Activity ........................................ 2

1. Plaintiff Has Not Alleged Open-Ended Continuity to Establish a Pattern of Criminal Activity ........................................ 4

2. Plaintiff's Fifth Cause of Action Should Be Dismissed Because Plaintiff Has Plead No More Than "One Scheme" With a "Single Victim" ........................................ 6

3. The Allegations Regarding Western Insulation Does Not Cure Plaintiff's Failure to Adequately Allege a Pattern of Criminal Activity ........................................ 7

B. Plaintiff's Ninth Cause of Action for Abuse of Process Should Be Dismissed Because Plaintiff Pleads Nothing More Than the Filing of a Complaint, Which Is Insufficient to Establish the Claim and Is Privileged ........................................ 8

C. Even if the First Claim Relates Back to the Plaintiff's Original Complaint, the First Claim is Barred by the Applicable Statute of Limitations ........................................ 9

D. Plaintiff's Seventh Cause of Action for Securities Fraud Is Barred by the Applicable Statutes of Limitations ........................................ 10

III. CONCLUSION ........................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adams v. Superior Court*,
2 Cal.App.4th 521 (1992) ........ 8

*Allwaste, Inc. v. Hecht*,
65 F.3d 1523 (9th Cir. 1995) ........ 4, 5

*Barquis v. Merchants Collection Assn.*,
7 Cal.3d 94 (1972) ........ 8, 9

*Christensen v. Younger*,
47 Cal.App.3d 613 (1975) ........ 8

*Clark Equipment Co. v. Wheat*,
92 Cal.App.3d 503 (1979) ........ 8

*Drasin v. Jacoby & Meyers*,
150 Cal.App.3d 481 (1984) ........ 8

*H.J. Inc. v. Northwestern Bell Telephone Co.*,
492 U.S. 229 (1989) ........ 2, 3, 4

*Kourtis v. Cameron*,
419 F.3d 989, 1000 (9th Cir.2005), *overruled on other grounds by Taylor v. Sturgell*, 353 U.S. 880 (2008) ........ 10

*Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*,
833 F.2d 1360 (9th Cir. 1987) ........ 6

*Schreiber Distribution Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir.1986) ........ 5, 6

*Sedima S.P.R.L. v. Imrex Co.*,
473 U.S. 479 (1985) ........ 3, 7

*Seidner v. 1551 Greenfield Owners Assn.*,
108 Cal.App.3d 895 (1985) ........ 8, 9

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# TABLE OF AUTHORITIES

Page(s)

*Sever v. Alaska Pulp Corp.*,
978 F.2d 1529 (9th Cir. 1992) .......... 6

*Sun Savings and Loan Association v. Dierdorff*,
825 F.2d 187 (9th Cir. 1987) .......... 5

**STATUTES**

18 U.S.C. § 1962 .......... 2

Cal. Code Civ. Proc. § 339(1) .......... 9

Cal.Corp.Code § 25506(b) .......... 10

**OTHER AUTHORITIES**

S. Rep. No. 91-617 at 158 (1969) .......... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his Response to the Defendants' motion to dismiss, Plaintiff contends that he has adequately alleged the first, fourth, fifth, seventh and ninth causes of action of the Second Amended Complaint. In making his contention, however, Plaintiff misstates the allegations contained in his Second Amended Complaint, misunderstands the case authority upon which he relies and misconstrues the essential allegations necessary to state a claims set forth in his complaint. Ultimately, as explained in Defendants' moving papers and below, Plaintiff has failed to sufficiently plead the claims at issue.

It should be noted that in his Second Amended Complaint, which is 98 pages in length, Plaintiff asserts allegations against the Defendants that not only will be shown throughout this litigation to be patently untrue, but also are contradicted by allegations in the complaint itself. For instance, Plaintiff asserts that Defendants have engaged in conduct that was both malicious and fraudulent. He seeks to portray himself as an inexperienced businessman who Hal Moore took advantage. He claims that he executed numerous written documents, which contained provisions that he claims he was unaware. Yet, Plaintiff also alleges that he has been a general contractor for twenty seven years, who owns and controls several general contracting businesses. (SAC, ¶ 11.) He further alleges that he has acted as general contractor for numerous multi-million dollars projects. (Id.)

In his complaint, Plaintiff further acknowledges that Hal Moore provided Plaintiff in excess of $1 million to assist him in an unrelated lawsuit against Plaintiff when he was experiencing financial problems. (SAC ¶ 15-16.) With respect to the Legacy Point project, Plaintiff acknowledges that Mr. Moore invested millions of dollars, while he invested nothing more that his "sweat equity." As alleged by Plaintiff, Defendants' only "criminal conduct" appears to be to require security for the money invested by Hal Moore. Moreover, as alleged by Plaintiff, the







GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

representations that he now claims he was unaware were in fact contained in written agreements signed by the Plaintiff. Despite alleging that he has been a sophisticated and successful businessman, Plaintiff would like us to believe that he never bothered to read such agreements.

Ultimately, Defendants shall prevail on each cause of action. For the purposes of this motion, however, Plaintiff has not, and cannot, allege his claims against the Defendants for constructive fraud, violation of RICO, security fraud and abuse of process. Accordingly, this Court should dismiss the first, fourth, fifth, seventh and ninth causes of actions as against the Defendants, with prejudice.

## II. ARGUMENT

### A. As in the First Amended Complaint, Plaintiff's Claim for Civil RICO in the Second Amended Complaint Fails Because There Exists No Threat of Continuing Activity

To prevail on a civil RICO claim, a plaintiff must plead and prove, among other things, a "pattern of criminal activity." 18 U.S.C. § 1962. In *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989), relied upon by Plaintiff in his Response, the Supreme Court defined the term "pattern" in the RICO statute as the "showing of a relationship between the predicates" and of "the threat of continuing activity." *H.J., Inc.*, 492 U.S. at 239 (citing to Legislative History, S. Rep. No. 91-617 at 158 (1969).) "It is this factor of continuity plus relationship which combines to produce a pattern." *Id.* As to continuity, a plaintiff . . . must prove continuity of racketeering activity, or its threat." *Id.*, 492 U.S. at 241. Ultimately, to establish a pattern, "it must be shown that the predicates themselves amount to, or that they otherwise constitute, a threat of continuing racketeering activity." *Id.*, 492 U.S. at 240-241.

As this Court previously stated in its prior order dismissing Plaintiff's fifth cause of action as set forth in his First Amended Complaint, "[a] 'pattern' does not exist absent a ***continued threat of criminal activity***. [Emphasis in original.]" Court's



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

Order, pg. 5:27-28, *citing H.J., Inc.*, 492 U.S. at 239. As this Court further observed, a "single episode, while it may consist of several discrete events, does not constitute a pattern of racketeering activity." Court's Order, pg. 6:1-2, *citing, Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

In reviewing the First Amended Complaint, this Court held that Plaintiff's First Amended Complaint did not allege a threat of continuing racketeering activity. The Court found that the alleged conduct aimed at achieving the object of the RICO scheme has long since concluded and does not threaten future criminal conduct. As this Court explained:

> As alleged in the FAC, the object of the RICO scheme was to acquire Plaintiff's interest in Legacy Pointe and the Project. According to Plaintiff, the Project has concluded, and he was been deprived of his profit and interest in Legacy Pointe and the Project. (FAC ¶¶ 147, 150, 267.) The FAC does not allege a threat of continuing racketeering activity, since the alleged object of the scheme has been obtained.

Court's Order, pg. 6:5-9.

In his Second Amended Complaint, Plaintiff fails to allege any additional facts to cure this pleading deficiency. Plaintiff once again pleads that the object of the RICO scheme was to acquire his interest Legacy Pointe and the Project. According to the Plaintiff, the Project has concluded and he has been deprived of his profit and interest in the Legacy Pointe and the Project. (*See*, SAC, ¶¶ 149, 152, compare, FAC, ¶¶ 147, 150.) Indeed, as alleged in the complaint, Hal Moore purchased Plaintiff's 27 percent interest in the company in December 2008. (SAC, ¶ 308, FAC, ¶ 305.) After Plaintiff "simply wanted 'out,'" Plaintiff transferred the additional 4.9 percent in the company held on his behalf by M-H (leaving Plaintiff with only .1% of Legacy Pointe) on February 28, 2009. (SAC, ¶ 149, FAC, ¶ 147.) Ultimately, in his





GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

Second Amended Complaint, Plaintiff once again pleads nothing more than a single episode, which consists of several discrete events. As this Court has already held, this does not constitute a pattern of racketeering activity.

**1. Plaintiff Has Not Alleged Open-Ended Continuity to Establish a Pattern of Criminal Activity**

Relying primarily upon two cases (*Allwaste, Inc. v. Hecht*, 65 F.3d 1523 (9th Cir. 1995) and *Sun Savings and Loan Association v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987), Plaintiff maintains that he has sufficiently alleged facts to establish open-ended continuity. In making his assertions, however, Plaintiff misconstrues Ninth Circuit jurisprudence on the issue and misapplies the facts alleged in his complaint.

In order to establish a RICO claim, plaintiff may seek to establish "open-ended" continuity. *Allwaste*, 65 F.3d at 1527, *citing, H.J., Inc.*, 492 U.S. at 242. Open-ended continuity is the threat that criminal conduct will continue into the future. It is established by showing either that the predicate acts "include a specific threat of repetition extending indefinitely into the future" or that the predicate acts were "part of an ongoing entity's regular way of doing business." *Id.*

In *Allwaste*, a recycling company sued its former officers for civil RICO. Plaintiff alleged that the former officers and their families solicited kickbacks, received and distributed illicit gratuities and commissions, and created false receipts overcharging company for transportation of goods and services. *Allwaste*, 65 F.3d at 1526. The trial court granted defendants' motion to dismiss, with prejudice, finding that plaintiff did not plead continuity of RICO activity. *Id.*, 65 F.3d at 1527. The Ninth Circuit Court of Appeals reversed. As noted by Plaintiff, the Ninth Circuit found that plaintiff demonstrated that extortion had become the defendant's "regular way of doing business." More importantly, based on the conduct alleged by plaintiff, the appellate court concluded that the defendants' activities would continue in the future, thereby satisfying the continuity requirement.

///

In *Sun Savings*, plaintiff-savings and loan association alleged that defendant, its former president, had solicited and accepted kickbacks in return for making loans to certain customers and had then sent four letters over a period of two months to different public agencies and private auditors in an attempt to cover up such kickbacks. *Sun Savings, supra*, 825 F.2d 187. The district court granted plaintiff's motion to dismiss, ruling that the four alleged predicate acts of mail fraud (the sending of four letters to state regulators and an outside auditor in an attempt to conceal the kickbacks) were insufficient allegations of a "pattern" of racketeering activity. The Ninth Circuit reversed, determining that the alleged predicate acts posed a threat of continuing activity, which completed the criminal scheme. *Sun Savings*, 825 F.2d at 194.

In measuring whether there was "the threat of continuing activity" in that case, the Sun Savings Court compared the allegations before it with another decision: *Schreiber Distribution Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir.1986). In *Schreiber*, the Ninth Circuit held that no RICO pattern existed where the two alleged predicate acts furthered the diversion of a single shipment of goods and appeared to have occurred at nearly the same time. The Ninth Circuit reasoned that once those acts were complete, defendant had no further need to commit predicate acts. *Schreiber*, 806 F.2d at 1399.

As explained above, there is no threat of continuing activity in this case. Again, as alleged by the Plaintiff, the Project has long ago concluded, Plaintiff has been deprived of his profit and interest in Legacy Pointe and there is no risk of future predicate acts. Unlike, *Allwaste*, Plaintiff does not allege any facts to establish that defendants' alleged activities would continue in the future. Likewise, unlike *Sun Savings*, the alleged scheme has concluded. Indeed, inasmuch as the Defendants are alleged to have accomplished the object of their scheme (acquiring Plaintiff's profit and interest in Legacy Pointe), the defendants have no further need to commit any further predicate acts. Hence, as in *Schreiber*, Plaintiff has failed to establish open-



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

ended continuity because there is no threat or risk of the conduct occurring in the future.

### 2. Plaintiff's Fifth Cause of Action Should Be Dismissed Because Plaintiff Has Plead No More Than "One Scheme" With a "Single Victim"

As explained in Defendants' moving papers, the plaintiff is not required to show that the defendants engaged in more than one "scheme" or "criminal episode" in order to establish the continuity requirement. *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987). However, the circumstances of the case must suggest that the predicate acts are indicative of a threat of continuing activity. *Id*. Consequently, in order to meet this requirement and establish a pattern of racketeering activity, a plaintiff must generally plead and prove more than one scheme with one victim. *Id*. Moreover, contrary to any suggestion by Plaintiff, this premise is well established in this Circuit. *Medallion Television,* 833 F.2d at 1363; *see also, Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1535 (9th Cir. 1992) (granting summary judgment as to RICO claim for lack of "pattern" because the defendant's "collective conduct is in a sense a single episode having the singular purpose of impoverishing [plaintiff] and "there was but a single victim involved").

Contrary to Plaintiff's assertion in his Response, he has not alleged more than a single scheme to defraud him from his interest in Legacy Pointe. As explained above, Plaintiff pleads nothing more than a single episode, which consists of several discrete events. Although Plaintiff alleges that the conduct was directed at several entities, including HUD, Wells Fargo (as lender), M-H (as contractor) and Great American Insurance Company (as the bonding company), Mr. Hardisty is the single victim of the fraudulent conduct. (SAC, pg. 2:2-3.) As alleged by Plaintiff, the conduct directed toward each of these entities constitutes nothing more than a single scheme to defraud him from his interest in Legacy Pointe. Indeed, Plaintiff acknowledges in his Second Amended Complaint that the alleged conduct is "part of



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

[defendants] general scheme to divest Plaintiff of his assets." (SAC, pg. 81:5.) These allegations are not sufficient to establish a violation of RICO. *See*, *Sedima*, 473 U.S. at 496, n.14 (a single episode, while it may consist of several discrete events, does not constitute a pattern of racketeering activity.)

**3. The Allegations Regarding Western Insulation Does Not Cure Plaintiff's Failure to Adequately Allege a Pattern of Criminal Activity**

As set forth in Defendants' moving papers and implicitly acknowledged by Plaintiff in his response, Plaintiff pleads only one new allegation pertaining to Western Insulation in an attempt to establish a pattern of criminal activity. (See, Plaintiff's Response, pg. 14: 25 – 15:4.) In his response, Plaintiff maintains that the allegations pertaining to Western Insulation establish continuity because it shows that the alleged predicate acts directed toward him are likely to recur in the future. Inasmuch as the conduct alleged with respect to Western Insulation do not include any predicate acts, Plaintiff's argument simply illogical.

As alleged in the Second Amended Complaint, Defendants Hal Moore and Melanie Moore allegedly breached a non-compete agreement with Western Insulation. However, as acknowledged by Plaintiff in his response, he does not allege that the Defendants engaged in any criminal conduct or predicate acts as against Western Insulation. Absent any allegations that Defendants engaged in criminal conduct in relation to Western Insulation, the Second Amended Complaint simply cannot show, as Plaintiff suggests, that the Defendants "will again engage in RICO-violating conduct." (Plaintiff's Response, pg. 16:10.) Plaintiff has not alleged that Defendants engaged in "RICO-violating conduct" as it relates to Western Insulation. Consequently, there is nothing to show that they will engage in such conduct again. Therefore, the allegations pertaining to Western Insulation do not, in any way, relate to or show continuity for the purpose of establishing a pattern of criminal conduct.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

### B. <u>Plaintiff's Ninth Cause of Action for Abuse of Process Should Be Dismissed Because Plaintiff Pleads Nothing More Than the Filing of a Complaint, Which Is Insufficient to Establish the Claim</u>

In his Response, Plaintiff contends that he has sufficiently alleged a claim for abuse of process based entirely on the filing of the State Insulation Complaint. In making this assertion, however, Plaintiff does not address the established case authority directly on point, as set forth in Defendants' moving papers. Rather, Plaintiff cites to a single case (*Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94 (1972)), which does not address the issue and is factually distinguishable.

As set forth in Defendants' moving papers, merely obtaining or seeking process is not enough to establish the claim; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve. *Adams v. Superior Court*, 2 Cal.App.4th 521, 530–531 (1992). "The gist of the tort is the improper use of the process after it is issued. *Id*. For this reason, the mere filing of a complaint does not constitute an abuse of process. *Drasin v. Jacoby & Meyers*, 150 Cal.App.3d 481, 485 (1984), *citing, Seidner v. 1551 Greenfield Owners Assn.*, 108 Cal.App.3d 895, 904 (1985) (explicitly distinguishing *Barquis*, which involved numerous actions in the wrong venue, as going beyond the mere filing of a lawsuit); *Clark Equipment Co. v. Wheat*, 92 Cal.App.3d 503, 526 (1979); *Christensen v. Younger*, 47 Cal.App.3d 613 (1975).

In his ninth cause of action for abuse of process, Plaintiff pleads only that Defendants Hal Moore, Melanie Moore and State Insulation filed a complaint against Plaintiff. He does not plead that the Defendants engaged in any subsequent action or misuse of the judicial process. Plaintiff maintains that filing the complaint is an abuse of process because Defendants had an "ulterior motive" for pursuing the action, to coerce the surrender of his assets. However, as explained in *Seidner*, this does not constitute an abuse of process. As explained by the court:

///

> Is it not true that in any lawsuit there is a element of threat or coercion? It is difficult for us to determine the improper purpose to which the process, filing the corporate suit, is put so as to pressure the appellant to settle the partnership suit. If he feels pressure, that may be his subjective feelings or thoughts.

*Seidner*, 108 Cal.App.3d at 905.

Plaintiff exclusive reliance on *Barquis v. Merchants Collection Assn.*, *supra*, is misplaced. As noted above, *Barquis* is factually distinguishable. In Barquis, plaintiff sought an injunction against a collection agency to stop its practice of knowingly and willfully filing numerous actions in improper venues for the purpose of obtaining an increased number of default judgments. By contrast, in the present action, Plaintiff bases his claim on the mere filing of a single complaint, which it contends is for an improper purpose. Moreover, at no point in the opinion does the California Supreme Court address the issue of whether the filing of a complaint alone constitutes an abuse of process nor is there an indication in the decision that the issue was even raised before the court. Consequently, the decision provides no precedential value on the issue before this Court and should be disregarded.

**C. <u>Even if the First Claim Relates Back to the Plaintiff's Original Complaint, the First Claim is Barred by the Applicable Statute of Limitations</u>**

With respect to Plaintiff's first cause of action for breach of a promise to answer for the debt of another, Plaintiff maintains that the claim is not barred by the applicable statute of limitations. Plaintiff does not dispute that the claim is governed by the two-year statute of limitations applicable to non-written contracts. Cal. Code Civ. Proc. § 339(1). Rather, Plaintiff argues that the claim relates back to the filing of the initial complaint filed on July 19, 2011. Even if the claim does relate back, it is still untimely.



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

As acknowledged in his response, Plaintiff alleges in his first cause of action that Hal Moore breached a promise to personally pay for out of scope labor and materials provided to Legacy Pointe. (Plaintiff's Response, pg. 18:21-24.) As alleged in the Second Amended Complaint, Mr. Moore breached this promise in December 2008, when "Defendant Hal Moore notified Plaintiff in or about December 2008 that Defendant Moore would not abide by his promises to contribute any additional capital to the Company to cover the Project expenses [for out of scope work]." (SAC, ¶¶ 109- 110.) The initial complaint, however, was not filed until July 19, 2011. Consequently, even if the initial complaint was sufficient to provide notice to the Defendants of the claim, it was not filed within two years of the accrual of the cause of action. See, *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir.2005) (cause of action for breach of oral contract accrues at the time of breach), *overruled on other grounds by Taylor v. Sturgell*, 353 U.S. 880 (2008). Accordingly, irrespective of whether the claim relates back to the initial complaint, it is barred by the applicable statute of limitations.

**D. <u>Plaintiff's Seventh Cause of Action for Securities Fraud Is Barred by the Applicable Statutes of Limitations</u>**

With respect to Plaintiff's seventh cause of action for securities fraud, Plaintiff also maintains that this claim is not barred by the applicable statute of limitations. Once again, Plaintiff does not dispute that the claim is governed by the two-year statute of limitations. Cal.Corp.Code § 25506(b). Rather, Plaintiff argues that he was not aware nor should he have been aware of the fraud until August 2009. Plaintiff's argument, however, ignores the allegations contained in the complaint.

As alleged in the complaint, Plaintiff was aware of the facts constituting the alleged misrepresentation no later than May 2009. In his Second Amended Complaint, Plaintiff alleges that as of April 30, 2009, Mr. Moore refused to make the promised installment payments for the membership interest. (SAC, ¶¶ 144-145.) Mr. Hardisty also alleges that in May 2009, Melanie Moore informed Plaintiff that



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

members of the Company would need to come up with an additional million dollars to complete construction and make interests payments on the HUD loan. (SAC ¶ 149.) Plaintiff further alleges that Hal Moore improperly presented a demand to MH's bonding company stating that the Company had had committed the funds to the Project, that MH had failed to pay its expenses on the Project and seeking compensation from the bonding company. (SAC, ¶ 146.) Mr. Hardisty, therefore, was aware no later than May 2009, of the facts constituting the alleged misrepresentation, which he asserts constitute a violation of section 25401. Plaintiff, however, filed his initial complaint in this matter on July 19, 2011, beyond the two-year limitations period. Accordingly, the seventh cause of action should be dismissed because it is barred by the statute of limitations.

## III. CONCLUSION

For the reasons set forth above and in Defendants' moving papers, Defendants respectfully request that the court grant the present motion to dismiss the first, fourth, fifth, seventh and ninth Causes of Action, without leave to amend.

DATED: March 23, 2012

Respectfully submitted,

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: s/ Gary E. Scalabrini
Gary E. Scalabrini
Attorneys for Defendants
E-mail: gscalabrini@gglts.com







GIBBS, GIDEN, LOCHER, TURNER & SENET LLP