Michael I. Wayne, Esq. (CSB # 169840)
mwayne@gglts.com
Gary E. Scalabrini, Esq. (CSB # 161902)
gscalabrini@gglts.com
GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
(310) 552-3400
Fax (310) 552-0805

Attorneys for Defendant,
HAL MOORE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN T. HARDISTY,

Plaintiff,

v.

HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, an Arizona limited liability company; STATE INSULATION, LLC, a Nevada limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, an individual,

Defendants.

Case No. 3:11-cv-01591-AJB-BLM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF THE THIRD AMENDED COMPLAINT**

**[Notice of Motion and Motion filed concurrently herewith]**

**[Fed.R.Civ.Proc. 12(b)(6) and 12(f)]**

Date: October 12, 2012
Time: 1:30 p.m.
Place: 12

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants respectfully submit the following memorandum of points and authorities in support of the motion of Defendant Hal Moore to dismiss the first and tenth causes of action and the motion by all Defendants to strike certain portions of the Third Amended Complaint filed by Plaintiff, John T. Hardisty.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# TABLE OF CONTENTS

Page

**I. INTRODUCTION ..........1**

**II. ARGUMENT ..........3**

**A.** Plaintiff's First and Tenth Causes of Action Fail to State a Claim for Relief Against the Defendants ..........3

**B.** Plaintiff's First Cause of Action Is Barred by the Applicable Statutes of Limitations and Plaintiff Has Failed to Plead Facts Sufficient to Establish Equitable Tolling ..........4

**C.** Plaintiff's Tenth Cause of Action Should Be Dismissed Because It Exceeds the Scope of the Court's Order Permitting Leave to Amend ..........6

**D.** Alternatively, Plaintiff's Tenth Cause of Action Should Be Dismissed Because the Partnership Interest Does Not Constitute a "Security" Under the Federal Securities Act ..........7

**E.** Plaintiff's Allegations Pertaining to Violations of RICO Should Be Stricken ..........9

**III. CONCLUSION ..........10**

# TABLE OF AUTHORITIES

Page

**CASES**

*Abagninin v. AMVAC Chem. Corp.* 545 F3d 733 (9th Cir. 2008) ........ 4

*Allen v. City of Beverly Hills,* 911 F.2d 367 (9th Cir. 1990) ........ 6

*Andrews v. Metro North Commuter R.R. Co.,* 882 F2d 705 (2d Cir. 1989) ........ 6

*Beaver v. Tarsadia Hotels,* 2012 WL 1564535 (S.D.Cal.,2012) ........ 4

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ........ 3

*Cahill v. Liberty Mutual Insurance Co.,* 80 F.3d 336 (9th Cir. 1996) ........ 3

*Casablanca Productions, Inc. v. Pace International Research, Inc.,* 697 F.Supp. 1563 (D. Ore. 1988) ........ 7

*Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034 (9th Cir.2011) ........ 4, 6

*Deutsch Energy Co. v. Mazur,* 813 F.2d 1567 (9th Cir. 1987) ........ 7, 8, 9

*Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ........ 3

*Garfield v. NDC Health Corp.,* 466 F.3d 1255 (11th Cir. 2006) ........ 6

*Hinton v. Pacific Enterprises,* 5 F.3d 391 (9th Cir.1993), *cert. denied*, 114 S.Ct. 1833 (1994) ........ 4, 6

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## TABLE OF AUTHORITIES

Page

*Kourtis v. Cameron*,
419 F.3d 989 (9th Cir.2005), *overruled on other grounds by Taylor v. Sturgell*, 353 U.S. 880 (2008) ....5

*LeDuc v. Kentucky Central Life Ins. Co*.,
814 F.Supp. 820 (ND Cal. 1992)....9

*Papasan v. Allain*,
478 U.S. 265 (1986)....3

*Robertson v. Dean Witter Reynolds, Inc*.,
749 F.2d 530 (9th Cir.1984)....3

*Rojas v. Brinderson Constructors Inc.*,
567 F.Supp.2d 1205 (C.D.Cal. 2008) ....3

*Scholar v. Pac. Bell*,
963 F.2d 264 (9th Cir.1992)....4, 6

*Securities & Exchange Commission v. W.J. Howey Co*.,
328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946) ....7, 8

*Wasco Prods., Inc. v. Southwall Technol, Inc.*,
435 F.3d 989 (9th Cir.2006)....4

*White v. ARCO/Polymers, Inc*.,
720 F2d 1391 ....6

*WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc*.,
655 F3d 1039 (9th Cir. 2011)....3

**STATUTES**

15 U.S.C. 78(b)....2, 7

Cal. Code Civ. Proc. § 339(1) ....1

Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (“RICO”) ....9, 10

# TABLE OF AUTHORITIES

Page

Securities Act. 15 U.S.C. § 77b(a)(1) ........................................................ 7

**OTHER AUTHORITIES**

Fed.R.Civ.Proc. 12(b)(6) ........................................................ 3, 6

Fed.R.Civ.Proc. 12(f) ........................................................ 9

Fed.R.Civ.Proc. 15(a)(2) ........................................................ 6

Fed.R.Civ.Proc. 12(b)(6) ........................................................ 3

Fed.R.Civ.Proc. 12(f) ........................................................ 9

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. <u>INTRODUCTION</u>

On two separate occasions, this Court has granted Defendants' motions to dismiss various causes of action asserted by the Plaintiff, Mr. Hardisty, with leave to amend. However, in amending his complaint, Plaintiff has pled more than allegations directed toward his deficient claims. Rather, Plaintiff attempted (and failed) to cure the deficiencies <u>and</u> asserted additional claims, without leave to specifically assert the new claims. In doing so, not only has Mr. Hardisty failed to plead facts necessary to state the additional claims, he has also required Defendants to expend valuable resources attacking the deficient pleadings. Perhaps it is for this reason that in granting Defendants' motion to dismiss claims set forth in Plaintiff's Second Amended Complaint, the Court appears to limit leave to amend to a specific claim and theory.

In his Second Amended Complaint, Plaintiff asserted, <u>for the first time</u>, a claim for breach of a specific promise for the debt of another (first cause of action). In particular, Plaintiff alleged that Defendants breached an agreement to pay all costs associated with out of scope work not only by failing to pay such costs, but also by affirmatively causing Legacy Point and State Insulation to assert claims against Plaintiff. (SAC ¶ 188.) Defendant filed a motion to dismiss the claim, contending that the claim was barred by the two-year statute of limitations applicable to non-written contracts. Cal. Code Civ. Proc. § 339(1). Although the Plaintiff argued that the claim related back to the filing of the initial complaint on July 19, 2011, this Court found that Plaintiff was put on notice in December 2008 that the promise would be breached. (Order, Docket No. 33, pg. 4:21-23.) Consequently, the Court determined that the claim was barred by the statute of limitations, even if it did relate back. As explained by the Court:

///

> [E]ven if the initial complaint was sufficient to provide notice to the Defendants of the claim, it was not filed within two years of the accrual of the cause of action. In other words, regardless of whether the claim relates back to the initial complaint, it is barred by the applicable statute of limitations. The motion to dismiss is therefore **GRANTED** as to the first cause of action, **with leave to amend** to plead tolling.

Order, Docket No. 33, pgs. 4:25 – 5:2. (Emphasis in original).

In his Third Amended Complaint, Mr. Hardisty again asserts a claim for breach of a promise of another. Plaintiff, however, has failed to plead any facts that would give rise to tolling the statute of limitations. Rather, Mr. Hardisty attempted once again to plead late discovery, which is both insufficient to invoke tolling and which has already been rejected by the Court. Accordingly, the first cause of action should be dismissed.

In his Third Amended Complaint, Plaintiff asserts, <u>for the first time</u>, a claim for federal securities fraud under 15 U.S.C. section 78j(b) (tenth cause of action). This claim exceeds the scope of amendment set forth in this Court's Order granting Defendants' motion to dismiss claims asserted in the Second Amended Complaint. Moreover, Mr. Hardisty cannot state the claim because the membership interest, upon which he seeks to base his cause of action, cannot constitute a "security" under the federal Securities Act. Accordingly, the claim should be dismissed.

This Court should dismiss both claims without leave to amend. The Court should also prohibit Mr. Hardisty from asserting any additional claims without leave from this Court to assert the particular claim. Plaintiff's assertion of the additional claims has not only required Defendants to expend valuable resources attacking the pleadings, but has also wasted this Court's judicial resources. Such tactics should not only be strongly discouraged, but should be prohibited by the Court.

## II. <u>ARGUMENT</u>

### A. <u>Plaintiff's First and Tenth Causes of Action Fail to State a Claim for Relief Against the Defendants</u>

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a defendant may make a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.Proc. 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of cognizable theory" or the "absence of sufficient facts alleged under a cognizable theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.1984). If it can be shown that the set of facts alleged in the complaint, even if established, does not give rise to a proper claim for relief, the motion to dismiss should be granted. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).

While a complaint subject to a motion to dismiss does not require detailed factual allegations, "a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Rojas v. Brinderson Constructors Inc.*, 567 F.Supp.2d 1205, 1208 (C.D.Cal. 2008), *quoting, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level, [citations], on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

In granting a motion to dismiss, the district court has "broad discretion in deciding whether to grant leave to amend and whether to dismiss actions with or without prejudice. " *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F3d 1039, 1058 (9th Cir. 2011). Leave to amend may be denied for reason of undue delay, bad faith, futility of the amendment and prejudice. *Foman v. Davis*, 371 U.S.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Abagninin v. AMVAC Chem. Corp*. 545 F3d 733, 742 (9th Cir. 2008). Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment. *Id*.

In this case, Plaintiffs' first and tenth causes of action cannot be properly asserted against the Defendants. Moreover, there are sufficient grounds for denying leave to amend. Accordingly, for the reasons set forth below, this Court should grant the present motion to dismiss the first and tenth causes of action, without leave to amend.

**B. Plaintiff's First Cause of Action Is Barred by the Applicable Statutes of Limitations and Plaintiff Has Failed to Plead Facts Sufficient to Establish Equitable Tolling**

Although a statute of limitations is subject to the doctrine of equitable tolling, relief from the strict construction of a statute of limitations is available only in extreme cases and therefore, the doctrine has been applied sparingly by federal courts. *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir.1992). Unlike the discovery rule, where the burden is on the defendant to show that a reasonably diligent plaintiff could have discovered the violation sooner, it is the plaintiff's burden to allege facts necessary for equitable tolling. *Beaver v. Tarsadia Hotels*, 2012 WL 1564535, *8 (S.D.Cal.,2012), *citing, Wasco Prods., Inc. v. Southwall Technol, Inc.*, 435 F.3d 989, 991 (9th Cir.2006). In order to invoke equitable tolling in a case like the present action, the plaintiff must "plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir.1993), *cert. denied*, 114 S.Ct. 1833 (1994). Moreover, under Ninth Circuit authority, equitable tolling does not apply *unless* the plaintiff alleges that despite all due diligence, circumstances beyond his or her control prevented timely filing. *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1045–56 (9th Cir.2011), *see also, Scholar*, 963 F.2d at 267.

///







GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

In this case, Mr. Hardisty has not pled facts sufficient to invoke equitable tolling. Rather, Plaintiff attempts once again to plead late discovery, which is both insufficient to invoke tolling and which has been rejected by the Court. As set forth in Defendants' prior motion to dismiss this claim, Plaintiff alleges in his first cause of action that Hal Moore breached a promise to personally pay for out of scope labor and materials provided to Legacy Pointe. As alleged in the Second and Third Amended Complaints, Mr. Moore breached this promise when "Defendant Hal Moore notified Plaintiff <u>in or about December 2008</u> that Defendant Moore would not abide by his promises to contribute any additional capital to the Company to cover the Project expenses [for out of scope work]. [Emphasis added.]" (SAC, ¶¶ 109- 110; TAC, ¶¶ 107-108.) The initial complaint, however, was not filed until July 19, 2011. Consequently, Plaintiff's initial complaint was not filed within two years of the accrual of the cause of action. *See, Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir.2005) (cause of action for breach of oral contract accrues at the time of breach), *overruled on other grounds by Taylor v. Sturgell*, 353 U.S. 880 (2008). For this reason, the Court rejected Plaintiff's allegations of late discovery and determined that Plaintiff was put on notice in December 2008 that the promise would be breached. (Order, Docket No. 33, pg. 4:21-23.)

Plaintiff attempts to circumvent its prior allegations by now alleging that "Defendant Hal Moore continued to assure Plaintiff that Plaintiff would be reimbursed for any amounts expended by Plaintiff or MH as a result of Defendants Hal Moore's extra expenditures." (TAC, ¶ 108.) This allegation, however, directly contradicts Plaintiff's allegation in both the Second and Third Amended Complaints that Hal Moore "notified Plaintiff in or about December 2008, that Defendant Moore would not abide by his promises to contribute any additional capital to the Company to cover Project expenses." (SAC, ¶ 110; TAC, ¶ 108.) Such allegations are also inconsistent with Plaintiff's prior and current allegations that "Beginning in or about October 2007, and <u>continuing through at least December 2008</u>, Defendant Hal




GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

Moore made continued representations to Plaintiff that he would: (i) personally pay for all out of scope 'extras' incurred by the Company in connection with the Project; and (ii) reimburse Plaintiff and MH for all expenses that they incurred on the Company's behalf in connection with the Project. [Emphasis added.]" (SAC, ¶ 216, TAC, ¶ 215.) Plaintiffs cannot now contradict his prior allegations, but rather he remains bound by such allegations as admissions in this litigation. *Andrews v. Metro North Commuter R.R. Co.*, 882 F2d 705, 707 (2d Cir. 1989); *see also, White v. ARCO/Polymers, Inc.*, 720 F2d 1391, 1396, fn. 5 (5th Cir. 1983).

Finally, Plaintiff not plead facts "showing his due diligence in trying to uncover the facts." *Hinton*, 5 F.3d at 395. Nor has Plaintiff alleged "circumstances beyond his [] control [that] prevented timely filing." *Cervantes*, 656 F.3d at 1045–56, *Scholar*, 963 F.2d at 267. Failure to plead these facts is fatal to Plaintiff's claim. Accordingly, the Court should grant Defendants' motion to dismiss, without leave to amend.

### C. **Plaintiff's Tenth Cause of Action Should Be Dismissed Because It Exceeds the Scope of the Court's Order Permitting Leave to Amend**

Except for amendments made in due course or by stipulation, leave of court is required to amend a pleading. Fed.R.Civ.Proc. 15(a)(2). If a district court grants a motion to dismiss under Rule 12(b)(6), the court has *discretion* to grant the plaintiff leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In granting leave to amend, however, the district court may limit the proposed amendment. For example, the amendment may be limited to allegations that relate only to legal theories already asserted. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1271 (11th Cir. 2006).

In granting Defendants' motion to dismiss the Second Amended Complaint in the present matter, this Court granted Plaintiff leave to amend the first cause of action to plead tolling. (Order, Docket No. 33, pg. 5:1-2.) No other leave was granted. Plaintiff, therefore, exceeded the scope of the leave granted by this Court.



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

If Plaintiff had wanted to plead the new claim, he should have requested leave to amend by a separate motion. Having failed to do so, the present motion to dismiss the tenth cause of action should be dismissed on these grounds alone.

### D. Alternatively, Plaintiff's Tenth Cause of Action Should Be Dismissed Because the Membership Interest Does Not Constitute a "Security" Under the Federal Securities Act

Pursuant to 15 U.S.C. 78j(b), it is unlawful for any person to use or employ any manipulative or deceptive device or contrivance in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered. A partnership or membership interest may constitute a "security" under the federal Securities Act. 15 U.S.C. § 77b(a)(1), *see also*, *Deutsch Energy Co. v. Mazur*, 813 F.2d 1567 (9th Cir. 1987); *Casablanca Productions, Inc. v. Pace International Research, Inc.*, 697 F.Supp. 1563 (D. Ore. 1988). However, in order for a contract such as a partnership agreement to constitute an investment contract and, therefore, a security within definition of the Act, plaintiff must establish that the agreement is: (i) an investment of money; (ii) in a common enterprise; (iii) based on an expectation of profits to be derived solely from the efforts of individuals other than the investor. *Deutsch*, 813 F.2d at 1568, *citing*, *Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). If the plaintiff is a general partner or member who retains significant managerial powers under the agreement, he or she cannot satisfy the third element. *See*, *Casablanca Productions*, 697 F.Supp. at 1567.

In *Howey*, the United States Supreme Court held that investments in an orange grove, evidenced by a land sale contract, warranty deed and service contract, constituted an investment contract and thus a security. The Court defined an investment contract as "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise." *Howey*, 328 U.S. at 298–99.

In *Deutsch*, a corporation was formed to acquire oil and gas producing properties. Plaintiffs, the investors, formed a general partnership with the corporation and lease rights were transferred to the partnership. The plaintiffs subsequently filed an action against owner of mineral and extraction rights to properties for violation of federal securities law in connection with sale of oil well leases. The district court granted defendants' motion for summary judgment. In affirming the decision of the district court, the appellate court reiterated the *Howey* holding in a three part test: (1) an investment of money; (2) in a common enterprise; (3) based on an expectation of profits to be derived solely from the efforts of individuals other than the investor. *Deutsch*, 813 F.2d at 1568. Applying this analysis, the court concluded that there was no genuine issue of material fact raised by plaintiffs' contention that their investment constituted a security. In particular, the court found that the third requirement of *Howey* was missing. As explained by the court:

> The parties in this case appear to agree that DEC possessed, if not a general partnership interest, at least significant managerial powers under the purchase agreements. DEC claims, however, that it falls within the Williamson exception because the Deutsches' inexperience in the oil and gas business and their residence in California made them incapable of exercising any managerial powers over the drilling projects in Kansas. The undisputed facts, however, simply do not support their claimed lack of sophistication in financial affairs.

*Deutsch*, 813 F.2d at 1570.

In his tenth cause of action, Mr. Hardisty alleges that Defendant Hal Moore violated the federal Securities Act when he purchased a 27 percent membership

interest in the Company. As alleged by in the Third Amended Complaint, Plaintiff is a sophisticated businessman, who has acted as a general contractor for numerous multi-million dollar construction projects. (TAC, ¶ 11.) More importantly, at the time of the sale of the interest to Mr. Moore, Mr. Hardisty was Chief Manager and a member of the Company. (TAC, ¶ 36.) Further, Mr. Hardisty agreed to be the builder and developer of the project, and did so in order to receive an equity interest in the Company. (TAC, ¶ 33.) As alleged by Plaintiff, therefore, he was the Chief Manager of the Company, who retained significant managerial powers under the limited liability agreement. As alleged, Plaintiff cannot satisfy the third element *Deutsch* test. Accordingly, the tenth cause of action should be dismissed, with prejudice.

**E. Plaintiff's Allegations Pertaining to Violations of RICO Should Be Stricken**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.Proc. 12(f). Material can also be stricken as irrelevant where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992).

In his Third Amended Complaint, Mr. Hardisty references and refers to violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO") (TAC, pg. 99:4). However, in its prior orders granting Defendants motions to dismiss, this Court dismissed Plaintiffs' cause of action for violation of RICO. Consequently, any reference to violations of RICO is not only irrelevant, but is "immaterial, impertinent, or scandalous." Moreover, such reference in the complaint to violations of RICO is highly prejudicial to the Defendants. Accordingly, the allegation must be stricken from the Third Amended Complaint.

///



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## III. CONCLUSION

Therefore, for the reasons set forth above, Defendant Hal Moore respectfully requests that his motion to dismiss the first and tenth causes of action be granted, without leave to amend. Further, all of the Defendants request that their motion to strike any reference to RICO from the complaint be granted.

DATED: June 19, 2012

Respectfully submitted,

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: /s/ Gary E. Scalabrini
Gary E. Scalabrini
Attorneys for Defendants,
HAL MOORE
E-mail: gscalabrini@gglts.com

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP