Michael I. Wayne, Esq. (CSB # 169840)
mwayne@gglts.com
Gary E. Scalabrini, Esq. (CSB # 161902)
gscalabrini@gglts.com
GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
(310) 552-3400
Fax (310) 552-0805

Attorneys for Defendants
ELAINE K. MOORE AND MARK PELUSO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, an Arizona limited liability company; STATE INSULATION, LLC, a Nevada limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, an individual,<br><br>Defendants. | Case No. 3:11-cv-01591-AJB-BLM<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Date: October 12, 2012<br>Time: 1:30 p.m.<br>Crtrm: 12 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants hereby file the following memorandum of points and authorities in reply to the response filed by Plaintiff, John T. Hardisty ("Plaintiff" or "Hardisty") to Defendants' motion to dismiss the first and tenth causes of action of the Third Amended Complaint (also referred to herein as the "TAC").

///



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# I. INTRODUCTION

In his response to the Defendants' motion to dismiss, Plaintiff contends that he has adequately alleged the first and tenth causes of action of the Third Amended Complaint. In making his contention, however, Plaintiff misstates the allegations contained in his amended complaint, misunderstands the case authority upon which he relies and misconstrues the essential allegations necessary to state a claim for breach of contract and securities fraud. Ultimately, as explained in Defendants' moving papers and below, Plaintiff has failed to sufficiently plead the claims at issue.

Indeed, it should be noted that in his Third Amended Complaint, which is 106 pages in length, Plaintiff asserts allegations against the Defendants that not only will be shown throughout this litigation to be patently untrue, but also are contradicted by allegations in the complaint itself. Plaintiff asserts that Defendants have engaged in conduct that was both malicious and fraudulent. He seeks to portray himself as an inexperienced businessman who Hal Moore took advantage. He claims that he executed numerous written documents, which contained provisions that he claims he was unaware. Yet, Plaintiff also alleges that he is a general contractor, who owns and controls several general contracting businesses. (TAC, ¶ 11.) He further alleges that he has acted as general contractor for numerous multi-million dollars companies. (Id.) In contradiction to his other allegations, Mr. Hardisty alleges that he is a successful and sophisticated businessman.

In his complaint, Plaintiff further acknowledges that Hal Moore provided Plaintiff in excess of $1 million to assist him in an unrelated lawsuit against Plaintiff when he was experiencing financial problems. (TAC ¶ 15-16.) With respect to the Legacy Point project, Plaintiff acknowledges that Mr. Moore invested millions of dollars, while he invested nothing more that his "sweat equity." As alleged by Plaintiff, Defendants' only "fraudulent conduct" appears to be to require security for the money invested by Hal Moore. Moreover, as alleged by Plaintiff, the



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

representations that he now claims he was unaware were in fact contained in written agreements signed by the Plaintiff. Despite alleging that he is a sophisticated and successful businessman, Plaintiff would like us to believe that he never bothered to read such agreements.

Ultimately, Defendants shall prevail on each cause of action. For the purposes of this motion, however, Plaintiff has not, and cannot, allege his claims against the Defendants for breach of a promise to answer for the debt of another and for federal securities fraud. Accordingly, this Court should dismiss the first and tenth causes of actions as against the Defendants, with prejudice.

## II. <u>ARGUMENT</u>

### A. <u>Plaintiff's First Cause of Action Sounds in Contract, and Therefore, the Claim Is Subject to the Two-Year Statutes of Limitations Set Forth in Section 339(1) of the California Code of Civil Procedure</u>

In opposing the Defendants' prior motion to dismiss Plaintiff's first cause of action for breach of a promise to answer for the debt of another, Plaintiff did not dispute that the claim sounds in contract and therefore governed by the two-year statute of limitations applicable to non-written contracts. Cal. Code Civ. Proc. § 339(1). In opposing the present motion, by contrast, Plaintiff now asserts that the "action is rooted in fraud," subject to the three-year limitations period. (Plaintiffs' Response, pg. 4.) In making this argument, however, Plaintiff fails to cite any relevant authority and contradicts his own pleading. More importantly, Plaintiff's assertion is contrary to California law, under which it is well established that the cause of action at issue is based in contract.

Under California law, it has been long established that a claim for breach for the debt of another is based on contract. *Regus v. Schartkoff*, 156 Cal.App.2d 382, 390 (1957). Moreover, if the contract alleged is based upon an oral promise, the



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

claim is subject to the two-year limitations period set forth in section 339(1) of the California Code of Civil Procedure. *Id*., 156 Cal.App.2d at 391-392; *see also, Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir.2005), *overruled on other grounds by Taylor v. Sturgell*, 353 U.S. 880 (2008) (claims for breach of an oral contract are governed by a two-year statute of limitations).

As in *Regus*, Plaintiff's claim for "breach of a specific promise to answer for the debt of another" sounds in contract, and because it is based on an oral agreement, it is subject to the two-year statute of limitations. In fact, Plaintiff implicitly acknowledges in his complaint that the claim is one for beach of an oral contract. Specifically, he alleges that the claim is "EXCEPTED FROM THE STATUTE OF FRAUDS [CAL.CIV.CODE § 2794(4)]." (TAC, pg. 73:22-23.) The statute of frauds is a collective term describing statutory provisions that deny enforcement to certain enumerated classes of contracts unless they are reduced to writing and signed by the party to be charged. *See*, 1 Witkin, SUMMARY OF CAL. LAW (10th ed. 2005) Contracts, § 342, p. 390; *see also*, i.e., Cal.Civ.Code, § 1624(a): ("The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent[.]") Unless the cause of action is for a breach of an oral contract, there is no reason for the Mr. Hardisty to have alleged that the breach is excepted from the statute of frauds.

Finally, Plaintiff's reliance on *Agair v. Shaeffer*, 232 Cal.App.2d 513 (1965) is misplaced. In *Agair*, an employer filed an action against their employees for misappropriation of funds. On appeal of a judgment in favor of the employer, the employees asserted that plaintiff's claim was barred by the two-year statute of limitations under section 339(1) of the Code of Civil Procedure because the misappropriation of funds constituted a breach of an oral employment agreement. The Court of Appeals disagreed, holding that the trial court properly applied the three-year limitations period applicable to claims for fraud or mistake. *Agair*, 232 Cal.App.2d at 517. The appellate court found that the gravamen of the action was

fraud or mistake, and not breach of the employment agreement. *Id*. The court further distinguished those cases in which the "cause of action arose out of the breach of an oral contract and was properly held barred by section 339." *Id*., 232 Cal.App.2dv 513, 518, *citing*, *Jefferson v. J. E. French Co*., 54 Cal.2d 717, and *Bendien v. Solov*, 89 Cal.App.2d 904.

Unlike *Agair*, the gravamen of Mr. Hardisty's first cause of action is breach of an oral agreement. As alleged by Plaintiff, Mr. Moore orally agreed to pay Legacy Pointe's debt to Munson Hardisty ("MH") for labor and materials to be provided by subcontractors for certain "out of scope" work. (TAC, ¶ 187.) According to Plaintiff, Mr. Moore's oral agreement was "an original obligation of Defendant Hal Moore and therefore not subject to the statute of frauds under Civ. Code § 2794(4).) (TAC, ¶ 187.) Mr. Hardisty alleges that Mr. Moore "breached" this agreement by failing to pay for the costs associated with the out of scope work. (TAC, ¶ 189.) Accordingly, Plaintiff's claim arises out of the breach of an oral contract and is, therefore, subject to the two-year statute of limitations set forth in section 339(1).

### B. <u>Plaintiff Failed to Timely File His First Cause of Action</u>

As set forth in Defendants' moving papers, this Court previously held that unless Plaintiff could establish equitable tolling, his first cause of action was barred by the applicable statute of limitations. In particular, the Court held:

> Consequently, even if the initial complaint was sufficient to provide notice to the Defendants of the claim, it was not filed within two years of the accrual of the cause of action. In other words, regardless of whether the claim relates back to the initial complaint, it is barred by the applicable statute of limitations. The motion to dismiss is therefore **GRANTED** as to the first cause of action, **with leave to amend** to plead tolling.



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

Order, Docket No. 33, pgs. 4:21 – 5:2. (Emphasis in original).

Irrespective of this Court's clear ruling and the Plaintiff's failure to request that the Court reconsider its prior holding, Plaintiff argues that the claim did not accrue until October 2009. By continuing to advance this argument, not only does Plaintiff ignore this Court prior ruling, he also either misunderstands when the cause of action accrues or he misconstrues the factual allegations set forth in his complaint.

A contract cause of action accrues at the time that the contract has been breached. *See, Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir.2005), *overruled on other grounds by Taylor v. Sturgell*, 353 U.S. 880 (2008); *see also, Spear v. California Auto. Assn.*, 2 Cal.4th 1035, 1042 (1992). A contract is breached when a party fails or refuses to perform a material promise or covenant. 1 Witkin, SUMMARY OF CAL. LAW, Contracts, § 849 (10th ed. 2005).

The decision in *Spears v. California Auto. Assn.*, *supra*, relied upon by Plaintiff in his brief, is instructive. In *Spears*, the California Supreme Court considered when the statute of limitations accrues in an action to compel arbitration. In examining the issue, the court noted that an action to compel arbitration is in essence a suit to compel specific performance of a contractual term (the arbitration agreement). The court further noted that the contract cause of action does not accrue until the contract has been breached. *Spear*, 2 Cal.4th at 1042. In this context, the court held that the contract is breached when one party fails to perform under the contract by refusing to submit the claim to arbitration. "It is at that time that the cause of action accrues." *Id*.

In the present case, Plaintiff alleges in his first cause of action that Hal Moore breached a promise to personally pay for out of scope labor and materials provided to Legacy Pointe. As alleged in the Third Amended Complaint, Mr. Moore breached this promise when "Defendant Hal Moore notified Plaintiff <u>in or about December 2008</u> that Defendant Moore would not abide by his promises to contribute any additional capital to the Company to cover the Project expenses [for out of scope

work]. [Emphasis added.]" (SAC, ¶¶ 109- 110; TAC, ¶¶ 107-108.) As in *Spear*, therefore, Mr. Moore is alleged to have breached the agreement by failing and refusing to abide by the terms of his agreement. It is at this time, December 2008, that Plaintiff's cause of action accrues.[1]

### C. <u>**Plaintiff Has Failed to Establish the Statute of Limitations Should Be Tolled**</u>

As acknowledged by Plaintiff in his Response, in order to invoke equitable tolling, the plaintiff must "plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." *See*, Plaintiff's Response, pg. 8, *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir.1993), cert. denied, 114 S.Ct. 1833 (1994). However, as Plaintiff failed to acknowledge but does not dispute, relief from the strict construction of a statute of limitations is available only in extreme cases and therefore, the doctrine of equitable tolling has been applied sparingly by federal courts. *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir.1992). Moreover, under Ninth Circuit authority, equitable tolling does not apply unless the plaintiff alleges that despite all due diligence, circumstances beyond his or her control prevented timely filing. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045–56 (9th Cir.2011), *see also*, *Scholar*, 963 F.2d at 267.

In this case, Mr. Hardisty has not pled facts sufficient to invoke equitable tolling. As explained above, Plaintiff alleges in his first cause of action that Hal Moore breached a promise to personally pay for out of scope labor and materials provided to Legacy Pointe. As alleged in the Third Amended Complaint, Mr. Moore

[1] Plaintiff contends that the agreement is not breached until October 23, 2009, when Mr. Moore filed an action against the bonding company. However, Plaintiff provides no basis or rationale for designating this act (filing the action against the bonding company) as that constituting the breach of his promise.



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

breached this promise when "Defendant Hal Moore notified Plaintiff in or about December 2008 that Defendant Moore would not abide by his promises to contribute any additional capital to the Company to cover the Project expenses [for out of scope work]." (TAC, ¶¶ 107-108.) As of December 2008, Plaintiff was explicitly made aware of the alleged breach. Plaintiff cannot contend that he was unaware of the breach or that could not uncover the facts constituting the breach. Nor can Plaintiff plead facts "showing his due diligence in trying to uncover the facts" *Hinton*, 5 F.3d at 395, or allege "circumstances beyond his or her control prevented timely filing." *Cervantes*, 656 F.3d at 1045–56, *Scholar*, 963 F.2d at 267. Plaintiff's failure to plead these facts is fatal to his claim. Accordingly, the Court should grant Defendants' motion to dismiss, without leave to amend.

### D. Plaintiff's Tenth Cause of Action Should Be Dismissed Because the Partnership Interest Does Not Constitute a "Security" Under the Federal Securities Act

As acknowledged by Plaintiff in his Response, in order for a partnership agreement to constitute an investment contract and, therefore, a security within definition of the federal Securities Act, plaintiff must establish that the agreement is: (i) an investment of money; (ii) in a common enterprise; (iii) based on an expectation of profits to be derived solely from the efforts of individuals other than the investor. See, Plaintiff's Response, pg. 9, *see also*, *Deutsch Energy Co. v. Mazur*, 813 F.2d 1567, 1568 (9th Cir. 1987), *citing, Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). With respect to the third element, the Ninth Circuit has held that "it would not confine the *Howey* test to situations in which the term 'solely derived' applied literally, but would find the third element satisfied when 'the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise.' " *Deutsch*, 813 F.2d at 1569. Consequently, if

the plaintiff is a general partner or member who has significant managerial powers under the agreement, he or she cannot satisfy the third element. *Casablanca Productions, Inc. v. Pace International Research, Inc.*, 697 F.Supp. 1563, 1567 (D. Ore. 1988).

In opposing the motion, Plaintiff contends that the third prong of the *Howey* test is not met because "at the time of the transactions at issue, Plaintiff was clearly unable to control the activities of Legacy Pointe." (Plaintiff's Response, pg. 11.) Plaintiff's allegations, however, contradict this contention. In his tenth cause of action, Mr. Hardisty alleges that Defendant Hal Moore violated the federal Securities Act when he purchased a 27 percent membership interest in the Company. As alleged by in the Third Amended Complaint, Plaintiff is a sophisticated businessman, who has acted as a general contractor for numerous multi-million dollar construction projects. (TAC, ¶ 11.) More importantly, at the time of the sale of the interest to Mr. Moore, Mr. Hardisty was Chief Manager and a member of the Company. (TAC, ¶ 36.) Further, Mr. Hardisty agreed to be the builder and developer of the project, and did so in order to receive an equity interest in the Company. (TAC, ¶ 33.) Therefore, Mr. Hardisty, as the Chief Manager of the Company, its developer and its builder, had significant managerial powers under the limited liability agreement. As alleged in the amended complaint, therefore, Plaintiff cannot satisfy the third element *Howey* test. Accordingly, the tenth cause of action should be dismissed, with prejudice.

## III. CONCLUSION

For the reasons set forth above and in Defendants' moving papers, Defendants respectfully request that the court grant the present motion to dismiss the first and

///

///

///

///



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

tenth causes of action, without leave to amend. Further, all of the Defendants request that their motion to strike any reference to RICO from the complaint be granted.

DATED: August 1, 2012

Respectfully submitted,

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: /s/ Gary E. Scalabrini
Gary E. Scalabrini
Attorneys for Defendants
e-mail: gscalabrini@gglts.com

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## SERVICE OF PROCESS- CERTIFICATE OF SERVICE

***John T. Hardisty v. Harold Maxine Moore, et al.,***
**Case No. 03:11-CV-01591-AJB-BLM**

I, Gary E. Scalabrini, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Gibbs, Giden, Locher, Turner & Senet LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621. On August 1, 2012, I served the document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** as follows:

☒ **BY ELECTRONIC CASE FILING:** Pursuant to the U.S. District Court, Southern District, Electronic Case Filing, I hereby certify that the above document(s) were uploaded to the CM/ECF Website at https://ecf.casd.uscourts.gov/cgi-bin/login.pl addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the confirmation page will be maintained in this office.

☒ **[Federal]** I declare that I am a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct

Executed on August 1, 2012, at Los Angeles, California.

s/ Gary E. Scalabrini

Gary E. Scalabrini, Esq.