UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| John T. Hardisty,<br><br>Plaintiff,<br>v.<br><br>Harold Maxine Moore, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 11cv1591 AJB (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>(Doc. No. 35) |

Presently before the Court is Defendant Harold Maxine Moore's ("Hal Moore") motion to dismiss the first and tenth causes of action of Plaintiff John T. Hardisty's ("Plaintiff") Third Amended Complaint ("TAC"); and a motion to strike certain portions of the TAC, filed by Hal Moore; State Insulation, LLC, an Arizona limited liability company ("State Insulation - Arizona"); State Insulation, LLC, a Nevada limited liability company ("State Insulation - Nevada"); the 1998 Harold M. Moore Revocable Trust (the "Trust"); and Elaine K. Moore, aka Melanie K. Moore ("Melanie Moore") (collectively referred to as the "Defendants"). (Doc. No. 26.) In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for October 12, 2012 is hereby vacated. For the reasons set forth below, the Court **GRANTS** Defendant Hal Moore's motion to dismiss, and **GRANTS** Defendants' motion to strike.

***BACKGROUND***

This action arises from Defendant Hal Moore's investment in a limited liability company known as Legacy Pointe, LLC ("Legacy Pointe"). The "sole purpose" of the company was "to acquire,

develop, construct, own, operate and sell an apartment project" located in Knoxville, Tennessee (the "Project"). (TAC, Exh. 3.) Hal Moore initially invested $1.5 million as a capital contribution in the company to obtain fifty percent (50%) interest in Legacy Pointe. He also invested millions more in the form of loans and additional capital contributions. (TAC ¶¶ 49, 50, 51, 54, 58, 77, Exh. 3.)

Plaintiff John Hardisty was a member and the Chief Manager of Legacy Pointe, as well as a member of Munson-Hardisty, LLC ("M-H"), the general contractor and builder of the Project. As such, he sought Hal Moore as an investor. (TAC ¶¶ 36, 43-54.) In exchange for waiving his builder's profit on the Project, Plaintiff was to receive "sweat equity" in the company. (TAC ¶ 29.) In particular, Plaintiff initially received a twenty-seven percent (27%) membership interest as the developer, and M-H received a ten percent (10%) membership interest as the builder, fifty percent (50%) of which belonged to Plaintiff. (TAC ¶¶ 29-31.)

Plaintiff alleges that Hal Moore, through fraud and coercion, divested him of his sweat equity in the Project and acquired almost all of the ownership interest in Legacy Pointe. He further alleges that Hal Moore and Melanie Moore tricked him into signing numerous documents, without reading them, which enabled Defendants to perpetrate their intended fraud. Finally, Plaintiff alleges that Defendants engaged in their fraudulent conduct as part of a single scheme to deprive him of his equity interest in Legacy Pointe and the Project. In doing so, Hal Moore allegedly breached his fiduciary duty to Plaintiff.

Plaintiff filed the initial Complaint on July 19, 2011, and shortly thereafter filed the First Amended Complaint ("FAC") on August 1, 2011. (Doc. No. 3.) Defendants Elaine Moore and Mark Peluso filed a motion to dismiss the second and fifth causes of action on October 13, 2011. (Doc. No. 10.) The Court held a hearing on the motion on December 23, 2011, and granted the motion to dismiss. (Doc. No. 16.) The second cause of action was dismissed with prejudice, and the fifth cause of action was dismissed with leave to amend. (Doc. No. 16.)

Plaintiff filed the Second Amended Complaint ("SAC") against all Defendants on January 30, 2012. (Doc. No. 23.) The first cause of action was changed into a breach of specific promise to answer for the debt of another, and the second cause of action was changed to aiding and abetting intentional torts. A motion to dismiss the first, fourth, fifth, seventh, and ninth causes of action of Plaintiff's SAC

was filed on February 21, 2012. (Doc. No. 26.) An opposition and reply were filed on March 10, 2012 and March 23, 2012, respectively. (Doc. Nos. 28 and 30.) The Court granted the motion to dismiss as to the first cause of action with leave to amend and the fifth cause of action with prejudice, and denied the motion as to the fourth, seventh and ninth causes of action. (Doc. No. 33.)

Plaintiff filed the TAC against all Defendants on June 1, 2012. (Doc. No. 34.) The instant motion to dismiss and motion to strike were filed on June 20, 2012. (Doc. No. 35.) An opposition and reply were filed on July 18, 2012 and August 1, 2012 respectively. (Doc. Nos. 37 and 38.) All documents were considered in the issuance of this order.

## ***LEGAL STANDARD***

### I. Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings, and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 664. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

### II. Leave to Amend Under Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). However, leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ***DISCUSSION***

Although the TAC alleges ten causes of action, the instant motion seeks to dismiss only two, and only as to Defendant Hal Moore: the first claim for breach of specific promise to answer for the debt of another; and the tenth claim for Federal Securities Fraud pursuant to 15 U.S.C. § 78j(b).

### I. Defendant's Motion to Dismiss Plaintiff's First Cause of Action

In his SAC, Plaintiff asserted a claim for breach of a specific promise for the debt of another ("first cause of action"). (Doc. No. 23.) In particular, Plaintiff alleged Defendants breached an agreement to pay all costs associated with out of scope work not only by failing to pay such costs, but also by affirmatively causing Legacy Point and State Insulation[1] to assert claims against Plaintiff. (SAC ¶ 190.) Defendant filed a motion to dismiss the claim, contending that the claim was barred by the two-year statute of limitations applicable to non-written contracts under Cal. Code Civ. Proc. § 339(1). (Doc. No. 26.) Although Plaintiff argued the claim related back to the filing of the initial complaint on July 19, 2011, this Court found that Plaintiff was put on notice in December 2008 that the promise would be breached. (Doc. No. 33, p. 4:21-23.) As such, this Court determined that the claim was barred

[1] Plaintiff refers to State Insulation-Arizona and State Institution-Nevada collectively as State Insulation.

by the statute of limitations, even if it did relate back, and granted the motion to dismiss "with leave to amend to plead tolling." (*Id.* at p. 4:25-5:2.)

In the TAC, Plaintiff again failed to plead any facts that would give rise to tolling the statute of limitations as requested by this Court. Instead, Plaintiff contends that the cause of action did not accrue until August 2009, at the earliest, due to Defendant Hal Moore filing a claim for extra expenses against the bonding company. (Doc. No. 37, p. 6.) Plaintiff argues that he continued to receive assurances from Defendant Moore, which delayed the accrual of his cause of action. (Doc. No. 37, p. 6.) However, this Court already determined that the accrual date was December 2008. (Doc. No. 33, p. 4:21-23.) This ruling was based on the determination that Plaintiff was put on notice in December 2008 that the promise would be breached. (Doc. No. 33, p. 4.) Because the additional facts presented by Plaintiff in the TAC do not refute this, and only add to the factual landscape after this date, the Court sees no reason to deviate from its prior order. Thus, the initial complaint was untimely as it was not filed until more than two years later, on July 19, 2011, and Plaintiff has failed to once again plead grounds for equitable tolling. (Doc. No. 1.) Accordingly, the claim is barred by the two-year statute of limitations.

Plaintiff further claims that the two year statute of limitations does not apply to this claim, as the cause of action is based on fraudulent conduct, not breach of contract. (Doc. No. 37, p. 4.) However, this Court already determined, and Plaintiff has plead no additional facts to the contrary, that the applicable statute of limitations period is two years for non-written contracts. *See* Cal. Code Civ. Proc. 339(1). Specifically, as alleged by the Plaintiff in the TAC, Mr. Moore orally agreed to pay Legacy Pointe's debt to M-H for labor and materials to be provided by subcontractors for certain "out of scope" work. (TAC ¶ 187.) Plaintiff alleges that Mr. Moore "breached" this agreement by failing to pay for the costs associated with the out of scope work. (TAC ¶189.) Accordingly, Plaintiff's claim arises out of the breach of an oral contract and is subject to the two year statute of limitations set forth in California Civil Code section 339(1). *See Aguir v. Shaeffer*, 232 Cal.App.2d 513, 518 (1963) (stating that where the cause of action arises out of breach of oral contract it is barred by Section 339).

Accordingly, because Plaintiff has been given countless opportunities to amend his complaint, but has nonetheless failed to plead sufficient grounds to justify a three-year statute of limitations, an

alternative accrual date, or a sound reason to employ equitable tolling, this Court finds further amendment futile.[2] Therefore, Plaintiff's first cause of action is **DISMISSED *without leave to amend***.

**II. Defendant's Motion to Dismiss Plaintiff's Tenth Cause of Action**

In his tenth cause of action Plaintiff alleges that Defendant Hal Moore violated the federal Securities Act when he purchased a twenty-seven percent (27%) membership interest in the Company. (TAC ¶¶ 315-340.) Defendant argues that Plaintiff's tenth cause of action exceeded the scope of the leave granted by this Court and should be dismissed. (Doc. No. 35-1, p. 6-7.) Alternatively, Defendant contends that Plaintiff's tenth cause of action should be dismissed because his membership interest in the Company does not constitute a security under the federal Securities Act. (Doc. No. 35-1, p. 7-9.)

Under Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleadings once as a matter of course" within twenty-one days of service or filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the Court granted Plaintiff leave to amend the first cause of action in the SAC to plead tolling, not to add additional claims. (SAC, p. 5:1-2.). Therefore, Plaintiff exceed the scope of the Court's Order by adding additional claims. *See, e.g., Kennedy v. Full Tilt Poker*, 2010 WL 3984749, at *1 (C.D.Cal.2010) (stating that court previously struck amended complaint because plaintiffs failed to seek leave to add new claims or defendants); *Andrew W. v. Menlo Park City School Dist.*, 2010 WL 3001216, at *2 (N.D.Cal. July 29, 2010) (agreeing that new claims should be stricken because prior order did not grant leave to add new claims, but construing plaintiff's opposition as belated motion for leave to amend). Nevertheless, even if the Court considered the merits of Plaintiff's federal securities fraud claim the allegations in the TAC must fail.

Pursuant to 15 U.S.C. 78j(b), it is unlawful for any person to use or employ any manipulative or deceptive device or contrivance in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered. A partnership or membership interest may constitute a "security" under the federal Securities Act. 15 U.S.C. 77b(a)(1); *see also Deutsch*

---

[2] To successfully plead equitable tolling a plaintiff needs to show excusable grounds for delay that is not dependent on any wrongful conduct by the defendant. *See Santa Maria v. Pac Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Plaintiff has failed to plead such facts.

*Energy Co. v. Mazur*, 813 F.2d 1567 (9th Cir. 1987); *Casablanca Prods. Inc. v. Pace Int'l Research, Inc.*, 697 F.Supp. 1563 (D. Ore. 1988). However, in order for a contract such as a partnership agreement to constitute an investment contract, and therefore a security within the definition of the Act, a plaintiff must establish that the agreement is: (1) an investment of money; (2) in a common enterprise; (3) based on an expectation of profits to be derived solely from the efforts of individuals other than the investor. *Deutsch Energy Co.*, 813 F.2d at 1568 (citing *Securities & Exchange Commission v. W. J. Howey Co.*, 328 U.S. 293 (1946)).

Here, the Court need not discuss the first and second elements of the *Deutsch* test because Plaintiff's TAC alleges facts in direct opposition to the third element. See *Deutsch Energy Co.*, 813 F.2d at 1568 (finding all elements of the test need to be satisfied for a partnership agreement to constitute a security). Specifically, the TAC alleges that Plaintiff is a sophisticated businessman who has acted as a general contractor for numerous multi-million dollar construction projects, and at the time of the sale of the interest to Mr. Moore, was Chief Manager and a member of the Company. (TAC ¶¶ 11, 36.) Moreover, the TAC contends Plaintiff agreed to be the builder and developer of the Project with the understanding that doing so would result in an equity interest in the Company. (TAC ¶ 33.) This information, provided by Plaintiff himself, undermines any possibility that the third prong of the *Deutsch* test can be satisfied. Therefore, as the *Deutsch* Court noted, having significant managerial powers under a purchase agreement is sufficient to defeat the third requirement of the test. *Id.* at 1570. The court went on to quote that "[a]n investor who is offered an interest in a general partnership or joint venture should be on notice . . . that his ownership rights are significant, and that the federal securities acts will not protect him from a mere failure to exercise his rights." *Id.* quoting *Williamson v. Tucker*, 645 F.2d 404, 422 (5th Cir. 1981), cert. denied, 454 U.S. 897 (1981). Accordingly, because Plaintiff has failed to offer sufficient facts to refute that he had a security interest in the partnership, Defendant's motion to dismiss is **GRANTED *without leave to amend***.

**III. Defendant's Motion to Strike Allegations Pertaining to Violations of RICO**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). In his TAC, Plaintiff references and refers to violations of the Racketeering Influenced and

Corrupt Organizations Act, 18 U.S.C. §§ 1961 - 1968 ("RICO"). (TAC, p. 99:4.) However, in its prior Order granting Defendants' motions to dismiss, this Court dismissed Plaintiff's cause of action for violation of RICO. (Doc. No. 33, p. 5-7.) Consequently, any reference to RICO is irrelevant. Plaintiff has no objection to this reference being stricken. (Doc. No. 37, p. 14.) Accordingly, the Court **GRANTS** Defendant's motion to strike.

***CONCLUSION***

For the reasons set forth above, the Court **GRANTS** Defendant Hal Moore's motion to dismiss the first and tenth causes of action ***with prejudice***; and **GRANTS** Defendant's uncontested motion to strike.

IT IS SO ORDERED.

DATED: October 9, 2012

Hon. Anthony J. Battaglia
U.S. District Judge