Michael I. Wayne, Esq. (CSB # 169840)
mwayne@ggltsw.com
Gary E. Scalabrini, Esq. (CSB # 161902)
gscalabrini@ggltsw.com
**GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP**
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
(310) 552-3400
Fax (310) 552-0805

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, an Arizona limited liability company; STATE INSULATION, LLC, a Nevada limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, an individual,<br><br>Defendants. | Case No. 3:11-cv-01591-AJB-BLM<br><br>**SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: January 23, 2014<br>Time: 2:00 p.m.<br>Place: Ctrm. 3B |
| AND RELATED COUNTER-CLAIMS. | |

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Defendants, HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, STATE INSULATION, LLC, THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, ("Defendants"), hereby submit the following Separate Statement of



GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

Uncontroverted Material Facts in Support of their Motion for Summary Judgment, or in the alternative, Partial Summary Judgment to the Complaint filed by Plaintiff, JOHN T. HARDISTY ("Hardisty" or "Plaintiff").

**The Third Cause of Action for Fraud must be Dismissed because Plaintiff Cannot Establish the Essential Elements of an Actual Misrepresentation or Justifiable Reliance**

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. In or about July 2007, Mr. Hardisty contacted Hal Moore to solicit an investment in Legacy Pointe Apartments, LLC ("Legacy Pointe") which was formed to develop, construct, and operate a 252-Unit Complex in Knoxville, Tennessee (the "Project"). | 1. Declaration of Harold Moore ("Hal Moore Decl." ) ¶ 2. |
| 2. At the time he contacted Mr. Moore, Mr. Hardisty was a member and chief manager of Legacy Pointe. Mr. Hardisty was also a member of Munson-Hardisty, LLC, the general contractor and builder on the Project. | 2. Hal Moore Decl., ¶ 2 |
| 3. Mr. Hardisty sought an investment of 1.5 million dollars from Mr. Moore, which Mr. Hardisty needed | 3. Moore Decl., ¶4 |

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| | in order to proceed with the Project. | | |
| 4. | In an email to Melanie Moore, Plaintiff represented that "I am going to pay Hal 13%. … The MOU Operating Agreement has Hal at 50%. No – ifs, and's, or but's. That simple period 50% is 50% of cash flow, at sale, everything." | 4. | Decl. of Melanie Moore, Exhibit 2. |
| 5. | In an email to Melanie Moore, Mr. Hardisty stated that "I will give you 13% secured by everything I own, so that I can close this deal and not lose it." | 5. | Melanie Moore Decl., Exhibit 2. |
| 6. | On or about August 20, 2007, Mr. Hardisty and his spouse, Theresa Hardisty, executed a Promissory Note secured by Deeds of Trust. | 6. | Moore Decl., ¶ 5, Exhibit 1. |
| 7. | In or about August 2007, Mr. Moore caused 1.5 million dollars to be transferred from his account to Legacy Pointe and Munson-Hardisty's bank account for the development and construction of the | 7. | Hal Moore Decl., ¶ 6. |

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| | Project. | | |
| 8. | In or about August 2007, Mr. Moore agreed to loan funds necessary to obtain a letter of credit required by the bonding company to issue payment and performance bond. As a condition for the loan, Mr. Moore required a Promissory Note from Mr. Hardisty and his wife, secured by Deeds of Trust on their property. | 8. | Moore Decl., ¶ 7. |
| 9. | On or about September 11, 2007, John and Theresa Hardisty executed a Promissory Note secured by Deeds of Trust with respect to the funds loaned for the letter of credit required by the bonding company. | 9. | Moore Decl., ¶ 7, Exhibit 2. |
| 10. | On or about October 15, 2008, Mr. Moore made a loan to Munson-Hardisty for $655,000. | 10. | Moore Decl., ¶ 11. |
| 11. | In an email dated August 20, 2008, Mr. Hardisty states that, "the upgrades" were the result of his construction partner, John Hardisty. | 11. | Melanie Moore Decl., Exhibit 3 |

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| | In particular, Mr. Hardisty states, "John Munson, whether I like or not has approached this project with his contract in mind and has upgraded and spent money the way he always has." | | |
| 12. | As the chief manager of Legacy Pointe and member of Munson-Hardisty, Mr. Hardisty was aware of the extent of the extras for the Project. Mr. Hardisty also indicated that the extras could be paid for by Legacy Pointe. In particular, in an email to Melanie Moore dated August28, 2008, Mr. Hardisty states, "We have been able to absorb all of these expenses and we will still come in at or under the $18M." | 12. | Melanie Moore Decl., Exhibit 4. |
| 13. | Mr. Hardisty was the chief manager of Legacy Pointe through February 2009. He was also the managing agent of Munson-Hardisty. While in those positions, Mr. Hardisty had the authority to issue change orders and to sign off on such change orders for | 13. | Hal Moore Decl., ¶ 10. |

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| | the contractor or the owner. | | |
| 14. | In an email dated August 20, 2008, Mr. Hardisty states that Mr. Munson of Munson-Hardisty, will "bring the Project in and not exceed his contract price and finish earlier than his contract requires." | 14. | Melanie Moore Decl., Exhibit 3. |
| 15. | Mr. Hardisty acknowledged that the increased costs resulted from the conduct of Munson-Hardisty, Mr. Munson and himself. Mr. Hardisty further acknowledged that he "screwed up" and that he could have "done better." | 15. | Hal Moore Decl., ¶ 9. |
| 16. | On or about October 15, 2008, Mr. Moore made a loan to Munson-Hardisty in the amount of $655,000. | 16. | Hal Moore Decl., ¶ 11, Exhibit 3. |
| 17. | Mr. Moore agreed to provide additional funding to Legacy Pointe on the condition that Mr. Hardisty and Munson-Hardisty transfer their interest in Legacy Pointe to him | 17. | Hal Moore Decl., ¶ 12. |

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| | (27% and 9.9%, respectively). | | |
| 18. | On or about January 26, 2009, Mr. Hardisty executed a Purchase and Sale Agreement, whereby he transferred his 27% membership interest in Legacy Pointe to Mr. Moore. | 18. | Hal Moore Decl., Exhibit 4 |
| 19. | The Purchase and Sale Agreement executed by Mr. Hardisty on or about January 26, 2009 provides that: "Seller enters into this Agreement freely, voluntarily and in the absence of any duress from Buyer. In entering into this Agreement, Seller does not rely on any representation by the Buyer or his agents concerning any subject matter whatsoever including, but not limited to, financial and/or legal impacts of construction, sale, or any ancillary matter." | 19. | Purchase and Sale Agreement, p. 3, Exhibit 4 to the Hal Moore Decl. |

///

///

///

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

**The Fourth Cause of Action for Constructive Fraud Must be Dismissed because Plaintiff Cannot Establish the Essential Elements of Nondisclosure, Reliance and a Confidential Relationship.**

Please see Undisputed Facts Nos. 1 through 19 and the Supporting Evidence thereto, incorporated herein by reference.

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 20. Mr. Moore has known Mr. Hardisty for approximately 23 to 25 years. Mr. Moore first met Mr. Hardisty while he was building a duplex in Solana Beach. Mr. Moore became acquainted with Mr. Hardisty because they were involved in the drywall business. Mr. Hardisty has been a casual business acquaintance of Mr. Moore, who would describe their relationship of cordial. | 20. Hal Moore Decl., ¶ 3. |
| 21. Mr. Moore briefly employed Mr. Hardisty. | 21. Hal Moore Decl., ¶ 3. |
| 22. Outside of their business relationship, Mr. Moore has not and does not socialize with Mr. Hardisty. | 22. Hal Moore Decl., ¶ 3. |

///

///

**The Fifth Cause of Action for Quite Title Must Be Dismissed Because Defendants have a Valid Interest in the Property.**

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
| --- | --- |
| 23. On or about August 20, 2007, John and Theresa Hardisty executed a Promissory Note secured by Deeds of Trust. | 23. Hal Moore Decl., Exhibit 1. |
| 24. On or about August 23, 2007, a Deed of Trust, which had been executed by John and Theresa Hardisty, relating to real property located at 3223 Zola Street, San Diego, CA was recorded in the San Diego County Recorder's Office. | 24. Hal Moore Decl., Exhibit 1. |
| 25. On August 23, 2007, a Deed of Trust, which was executed by John and Theresa Hardisty, relating to project property located on 30th Street in National City, CA was recorded in the San Diego County Recorder's Office. | 25. Hal Moore Decl., Exhibit 1. |
| 26. On or about January 26, 2009, Mr. Hardisty executed a Purchase and Sale Agreement relating to his | 26. Hal Moore Decl., Exhibit 4 |



GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
| --- | --- |
| remaining 27% interest in Legacy Pointe. | |

**The Sixth Cause of Action for Securities Fraud Must Be Dismissed Because Plaintiff Cannot Establish A Misrepresentation in the Sale or Purchase of a Security.**

Please see Undisputed Facts, Nos. 1 through 19 and the related Supporting Evidence, which is incorporated herein by reference.

**The Seventh Cause of Action for Conversion Must Be Dismissed Because Plaintiff Consented to the Transfer of its Interests.**

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
| --- | --- |
| 27. On or about January 26, 2009, Mr. Hardisty executed a Purchase and Sale Agreement relating to his remaining 27% interest in Legacy Pointe. | 27. Hal Moore Decl., Exhibit 4 |
| 28. The Purchase and Sale Agreement provides that: "Seller enters into this Agreement freely, voluntarily and in absence of any duress from Buyer. In entering this Agreement, Seller does not rely on any representation by the Buyer or his agents | 28. Hal Moore Decl., Exhibit 4: Purchase and Sale Agreement, p.3 |







GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| | concerning any subject matter whatsoever including, but not limited to, financial and/or legal impacts of construction, sale, or any ancillary matter." | | |

**The Eight Cause of Action for Abuse of Process Should Be Dismissed Because Plaintiff Cannot Establish Anything More Than the Filing of a Complaint Which is Insufficient to Establish the Claim and is Privileged.**

| UNDISPUTED FACT | | SUPPORTING EVIDENCE | |
|---|---|---|---|
| 29. | By the conclusion of the Project, there existed additional claims by subcontractors who had not been paid on the Project. State Insulation, LLC ultimately paid the claims asserted by the subcontractors. As consideration for the payment, State Insulation received assignments of the subcontractor claims. | 29. | Hal Moore Decl., ¶ 14 |
| 30. | Based on the assignments from the subcontractors, State Insulation properly asserted a claim against the bonding company. | 30. | Hal Moore Decl., ¶ 14. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 31. State Insulation filed an action against the bonding company seeking recovery under the payment bond in Chancery Court for Knox County, Tennessee (State Insulation v. Great American Insurance Company, Case No. 176324-1). | 31. Hal Moore Decl., ¶ 14. |
| 32. The bonding company has requested defense and indemnity from Legacy Pointe under the terms of the bond. | 32. Hal Moore Decl., ¶ 14. |

**The Ninth Cause of Action for Conspiracy Should Be Dismissed Because Plaintiff Has Failed to Establish the Underlying Torts**

Please see Undisputed Facts Nos. 1 through 32 and the Supporting Evidence thereto incorporated herein by this reference.

**The Second Cause of Action for Aiding and Abetting Should Be Dismissed Because Plaintiff has Failed to Establish Any Primary Wrong**

Please see Undisputed Facts Nos. 1 through 32 and the Supporting Evidence thereto incorporated herein by this reference.

DATED: November 22, 2013

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

By: /s/ Gary E. Scalabrini
Gary E. Scalabrini, Esq.
Attorneys for Defendants



GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

# FEDERAL PROOF OF SERVICE

*Hardisty v. Moore et al.*
Case No. 3:11-cv-01591-AJB-BLM

I, Gary E. Scalabrini, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Gibbs, Giden, Locher, Turner & Senet LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621. I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

On November 22, 2013, I served the document(s) described as:
**SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

The documents were served by the following means:

☒ **BY COURT'S CM/ECF SYSTEM:** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below:

Ali M.M. Mojdehi
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
(858) 550-6055
amojdehi@cooley.com

William B. Federman
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560
Email: wbf@federmanlaw.com

I declare that I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 22, 2013, at Los Angeles, California.

s/ Gary E. Scalabrini
Gary E. Scalabrini
Email: gscalabrini@gglts.com

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP