William B. Federman, Esq.
(*admitted pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73008
Phone: 405.235.1560
Fax: 405.239.2112
wbf@federmanlaw.com
jdw@federmanlaw.com

Attorneys for Plaintiff John T. Hardisty
*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN T. HARDISTY,

Plaintiff,

v.

HAROLD MAXINE MOORE; ELAINE K. MOORE (aka MELANIE K. MOORE); STATE INSULATION, LLC, an Arizona limited liability company; STATE INSULATION, LLC, a Nevada limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; and MARK PELUSO, an individual,

Defendants.

---

HAROLD MAXINE MOORE,

Counterclaimant,

v.

JOHN T. HARDISTY,

Counterdefendant.

Case No. 3:11-cv-01591-AJB-BLM

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Plaintiff John T. Hardisty hereby submits the following Response to Defendants' Separate Statement of Uncontroverted Material Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment:

| **Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|
| 1. In or about July 2007, Mr. Hardisty contacted Hal Moore to solicit an investment in Legacy Pointe Apartments, LLC ("Legacy Pointe") which was formed to develop, construct, and operate a 252-Unit Complex in Knoxville, Tennessee (the "Project"). | Disputed.<br><br>Third Amended Complaint ( "TAC"), ¶¶43-45<br><br>Declaration of John T. Hardisty ("Hardisty Declaration"), ¶¶ 20, 21 |
| 2. At the time he contacted Mr. Moore, Mr. Hardisty was a member and chief manager of Legacy Pointe. Mr. Hardisty was also a member of Munson-Hardisty, LLC, the general contractor and builder on the Project. | Undisputed. |
| 3. Mr. Hardisty sought an investment of 1.5 million dollars from Mr. Moore, which Mr. Hardisty needed in order to proceed with the Project. | Disputed.<br><br>TAC ¶¶ 43-46<br><br>Hardisty Declaration, ¶¶ 20, 22 |
| 4. In an email to Melanie Moore, Plaintiff represented that "I am | Undisputed as stated. |

| | | |
|---|---|---|
| | going to pay Hal 13%. ... The MOU Operating Agreement has Hal at 50%. No - ifs, and's, or but's. That simple period 50% is 50% of cash flow, at sale, everything." | |
| 5. | In an email to Melanie Moore, Mr. Hardisty stated that "I will give you 13% secured by everything I own, so that I can close this deal and not lose it." | Undisputed as stated, but see Hardisty Declaration, ¶¶ 25, 26, 27<br>The loan for $1.5 million was to be discharged upon Hal Moore receiving his 50% equity interest in the LLC. Hardisty Declaration, ¶22 |
| 6. | On or about August 20, 2007, Mr. Hardisty and his spouse, Theresa Hardisty, executed a Promissory Note secured by Deeds of Trust. | Undisputed, as stated, but see Hardisty Declaration, ¶¶ 25, 26, 27.<br>The loan for $1.5 million was to be discharged upon Hal Moore receiving his 50% equity interest in the LLC. Hardisty Declaration, ¶22 |
| 7. | In or about August 2007, Mr. Moore caused 1.5 million dollars to be transferred from his account to Legacy Pointe and Munson-Hardisty's bank account for the development and construction of the Project. | Disputed.<br>The loan for $1.5 million was to be discharged upon Hal Moore receiving his 50% equity interest in the LLC, for which it was to be deemed a capital contribution.<br>Hardisty Declaration, ¶22 |
| 8. | In or about August 2007, Mr. Moore agreed to loan funds necessary to obtain a letter of credit required by the bonding company to issue payment and performance bond. As a condition for the loan, Mr. Moore required a Promissory Note from Mr. Hardisty and his wife, secured by Deeds of Trust on their property. | Undisputed as stated, , but see TAC ¶¶ 55-62; 83; 86-90<br><br>Hardisty Declaration, ¶¶ 29, 30, 31 |
| 9. | On or about September 11, 2007, John and Theresa Hardisty executed a Promissory Note secured by Deeds of Trust with respect to the funds loaned for the | Undisputed as stated, but see TAC ¶¶ 55-62; 83; 86-90<br><br>Hardisty Declaration, ¶¶ 25, 26, 27 |

| | | |
|---|---|---|
| | letter of credit required by the bonding company. | |
| 10. | On or about October 15, 2008, Mr. Moore made a loan to Munson- Hardisty for $655,000. | Undisputed as stated, but see Hardisty Declaration, ¶¶ 29, 30, 31 |
| 11. | In an email dated August 20, 2008, Mr. Hardisty states that, “the upgrades” were the result of his construction partner, John Munson. In particular, Mr. Hardisty states, “John Munson, whether I like or not has approached this project with his contract in mind and has upgraded and spent money the way he always has.” | Undisputed as stated. |
| 12. | As the chief manager of Legacy Pointe and member of Munson-Hardisty, Mr. Hardisty was aware of the extent of the extras for the Project. Mr. Hardisty also indicated that the extras could be paid for by Legacy Pointe. In particular, in an email to Melanie Moore dated August28, 2008, Mr. Hardisty states, “We have been able to absorb all of these expenses and we will still come in at or under the $18M.” | Undisputed as stated, but see Hardisty Declaration, ¶¶ 38, 39, 42, 43, 44 |
| 13. | Mr. Hardisty was the chief manager of Legacy Pointe through February 2009. He was also the managing agent of Munson-Hardisty. While in those positions, Mr. Hardisty had the authority to issue change orders and to sign off on such change orders for the contractor or the owner. | Disputed.<br><br>TAC ¶¶ 93-96;<br><br>Hardisty Declaration, ¶¶ 38, 39, 40, 41 |

| | |
|---|---|
| 14. In an email dated August 20, 2008, Mr. Hardisty states that Mr. Munson of Munson-Hardisty, will "bring the Project in and not exceed his contract price and finish earlier than his contract requires." | Undisputed. |
| 15. Mr. Hardisty acknowledged that the increased costs resulted from the conduct of Munson-Hardisty, Mr. Munson and himself. Mr. Hardisty further acknowledged that he "screwed up" and that he could have "done better." | Disputed.<br><br>Hardisty Declaration, ¶¶ 42, 43, 44 |
| 16. On or about October 15, 2008, Mr. Moore made a loan to Munson- Hardisty in the amount of $655,000. | Undisputed as stated, but see Hardisty Declaration, ¶¶ 43, 44, 45 |
| 17. Mr. Moore agreed to provide additional funding to Legacy Pointe on the condition that Mr. Hardisty and Munson-Hardisty transfer their interest in Legacy Pointe to him (27% and 9.9%, respectively). | Undisputed. |
| 18. On or about January 26, 2009, Mr. Hardisty executed a Purchase and Sale Agreement, whereby he transferred his 27% membership interest in Legacy Pointe to Mr. Moore. | Undisputed as stated, but see TAC ¶¶ 127-139<br><br>Hardisty Declaration, ¶¶ 46, 47, 48, 49, 50 |
| 19. The Purchase and Sale Agreement executed by Mr. Hardisty on or about January 26, 2009 provides that: "Seller enters into this Agreement freely, voluntarily and in the absence of any duress from Buyer. In entering into this Agreement, Seller does not rely on any representation by the Buyer or his | Undisputed as stated, but see TAC ¶¶ 127-139<br><br>Hardisty Declaration, ¶¶ 46, 47, 48, 49, 50 |

| | | |
|---|---|---|
| | agents concerning any subject matter whatsoever including, but not limited to, financial and/or legal impacts of construction, sale, or any ancillary matter." | |
| 20. | Mr. Moore has known Mr. Hardisty for approximately 23 to 25 years. Mr. Moore first met Mr. Hardisty while he was building a duplex in Solana Beach. Mr. Moore became acquainted with Mr. Hardisty because they were involved in the drywall business. Mr. Hardisty has been a casual business acquaintance of Mr. Moore, who would describe their relationship as cordial. | Disputed.<br>TAC ¶¶ 12-13<br>Hardisty Declaration, ¶¶ 5, 7, 8 |
| 21. | Mr. Moore briefly employed Mr. Hardisty. | Disputed.<br>Hardisty Declaration, ¶¶ 3, 4 |
| 22. | Outside of their business relationship, Mr. Moore has not and does not socialize with Mr. Hardisty. | Disputed.<br>Hardisty Declaration, ¶¶ 5, 7, 8 |
| 23. | On or about August 20, 2007, John and Theresa Hardisty executed a Promissory Note secured by Deeds of Trust. | Undisputed as stated, but see TAC ¶¶ 55-62; 83; 86-90<br>Hardisty Declaration, ¶¶ 25, 26, 27 |
| 24. | On or about August 23, 2007, a Deed of Trust, which had been executed by John and Theresa Hardisty, relating to real property located at 3223 Zola Street, San Diego, CA was recorded in the San Diego County Recorder's Office. | Undisputed. |
| 25. | On August 23, 2007, a Deed of Trust, which was executed by John and Theresa Hardisty, relating to project property located on 30th Street in National | Undisputed. |

| | | |
|---|---|---|
| | City, CA was recorded in the San Diego County Recorder's Office. | |
| 26. | On or about January 26, 2009, Mr. Hardisty executed a Purchase and Sale Agreement relating to his remaining 27% interest in Legacy Pointe. | Undisputed as stated, but see TAC ¶¶ 127-139<br><br>Hardisty Declaration, ¶¶ 46, 47, 48, 49, 50 |
| 27. | On or about January 26, 2009, Mr. Hardisty executed a Purchase and Sale Agreement relating to his remaining 27% interest in Legacy Pointe. | Undisputed as stated, but see TAC ¶¶ 127-139<br><br>Hardisty Declaration, ¶¶ 46, 47, 48, 49, 50 |
| 28. | The Purchase and Sale Agreement provides that: "Seller enters into this Agreement freely, voluntarily and in absence of any duress from Buyer. In entering this Agreement, Seller does not rely on any representation by the Buyer or his agents concerning any subject matter whatsoever including, but not limited to, financial and/or legal impacts of construction, sale, or any ancillary matter." | Undisputed. |
| 29. | By the conclusion of the Project, there existed additional claims by subcontractors who had not been paid on the Project. State Insulation, LLC ultimately paid the claims asserted by the subcontractors. As consideration for the payment, State Insulation received assignments of the subcontractor claims. | Plaintiff Hardisty objects to the proffered evidence on the grounds of hearsay. See Separate Objection<br><br>Also see TAC ¶¶ 107-122; 126-127 |
| 30. | Based on the assignments from the subcontractors, State Insulation properly asserted a claim against the bonding company. | Disputed. Plaintiff Hardisty also objects to the proffered evidence on the grounds of hearsay. See Separate Objection<br><br>TAC ¶¶ 133; 144-146; 161-164; 303-306 |
| 31. | State Insulation filed an action | |

| | | |
|---|---|---|
| | against the bonding company seeking recovery under the payment bond in Chancery Court for Knox County, Tennessee (State Insulation v. Great American Insurance Company, Case No. 176324-1). | Undisputed. |
| 32. | The bonding company has requested defense and indemnity from Legacy Pointe under the terms of the bond. | Undisputed. |

Dated: December 23, 2013 FEDERMAN & SHERWOOD

By: /s/ William B. Federman
William B. Federman
*admitted pro hac vice*
10205 N. Pennsylvania
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Fax: (405) 239-2112
wbf@federmanlaw.com

- and -

2926 Maple Avenue, Suite 200
Dallas, TX 75201

Ali M.M. Mojdehi, Esq. (CA SBN 123846)
Janet D. Gertz, Esq. (CA SBN 231172)
**COOLEY LLP**
4401 Eastgate Mall
San Diego, California 92121-1909
Phone: 858.550.6055
Fax: 858.550.6420
amojdehi@cooley.com
jgertz@cooley.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Janet Dean Gertz, declare:

On December 23, 2013, I served the above pleading using the court's CM/ECF system pursuant to Local Rule. The above pleadings were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the person's listed below:

Gary Edward Scalabrini
Gibbs Giden Locher Turner & Senet LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
Telephone: 310.552.3400
Facsimile: 310.552.0805
gscalabrini@gglts.com

Executed on December 23, 2013.

/s/ Janet Dean Gertz____________
Janet Dean Gertz
jgertz@cooley.com