1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>    Plaintiff,<br><br>v.<br><br>HAROLD MAXINE MOORE, *et al.*,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 11-cv-01591-BAS(BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION**<br><br>(ECF No. 125) |

Pending before the Court is an *ex parte* application filed by Plaintiff John Hardisty ("Plaintiff") seeking an order (1) compelling defendants Harold M. Moore, Elaine K. Moore (a/k/a Melanie K. Moore), and Mark Peluso (collectively "Defendants") to appear on the first two days of the bench trial in this matter which is set to commence before this Court on September 16, 2014; and (2) excluding any and all documents Defendants may or may not produce related to Defendants' Exhibit 30 at section VI.B of this Court's Pretrial Order (ECF No. 124). Defendants

filed an opposition. (ECF No. 132.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Defendants' *ex parte* application (ECF No. 125).

## I. MOTION TO COMPEL DEFENDANTS TO APPEAR AT TRIAL

Plaintiff seeks an order compelling Defendants to appear during the first two days of trial, and should Defendants fail to appear, requests that the Court impose appropriate sanctions on Defendants, including but not limited to entry of default judgment. (ECF No. 125 at p. 8.) Plaintiff contends that Defendants have informed him they may or may not attend trial until after Plaintiff's case-in-chief, if at all. (ECF No. 125-2 at Exh. 7.)

As a preliminary matter, both Plaintiff and Defendants intend to call Defendants at trial. (*See* ECF Nos. 124, 127, and 128.) In order to ensure that trial proceeds as expeditiously and efficiently as possible, the trial court is given broad discretion in managing a trial. *See HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994); Fed. R. Civ. P. 16; Fed. R. Evid. 611(a). As stated in the Court's Standing Order for Civil Cases, the Court expects counsel and witnesses "to be present for trial except in case of emergency." (Standing Order for Civil Cases at p. 8.) Accordingly, the Court expects Defendants, who are named in the Pretrial Order (ECF No. 124) and in Counterclaimant's and Defendants' Final Witness List (ECF No. 127), simply by virtue of its Standing Order, to be present for the entire trial so that the Court can efficiently manage and control the trial.

The Court does not, however, have the authority to compel the attendance of Defendants at trial absent service of trial subpoenas pursuant to Federal Rule of Civil Procedure 45. *See McGill v. Duckworth*, 944 F.2d 344, 353-54 (7th Cir. 1991); Fed. R. Civ. P. 45. Accordingly, Plaintiff must serve trial subpoenas on Defendants before moving to compel the attendance of Defendants at trial. In this regard, the Court notes that it preliminarily determines that – even at this late stage – Defendants have been given adequate notice and afforded reasonable time to comply

1 with trial subpoenas requiring Defendants to be present in Courtroom 4B of the
2 above-captioned court on September 16, 2014 at 9:00 a.m. *See* Fed. R. Civ. P.
3 45(d)(3).

4 There is no dispute that Defendants are key witnesses in this case. There is
5 also no dispute that Plaintiff has indicated at every opportunity he intends to call
6 Defendants at trial. Plaintiff put Defendants on notice as early as March 28, 2014
7 that he intended to call Defendants as witnesses. (ECF No. 83.) On July 21, 2014,
8 in the Parties' proposed joint Pretrial Order, Plaintiff again listed Defendants as
9 witnesses he expected to call at trial. (ECF No. 124 at pp. 9-10.) Moreover,
10 Defendants indicated in the Pretrial Order and their Final Witness List that they will
11 be called at trial (ECF No. 124 at pp. 12-13; ECF No. 127), and no scheduling or
12 other attendance issue was raised at the Pretrial Conference held on August 25,
13 2014. Thus, Plaintiff had every reason to assume Defendants would be present at
14 trial. *See Wells v. Rushing*, 755 F.2d 376, 380-81 (5th Cir. 1985).

15 For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE**
16 Plaintiff's motion to compel Defendants to appear during the first two days of trial.

17 ## II. MOTION TO EXCLUDE DOCUMENTS

18 Plaintiff also seeks to exclude from trial Defendants' Exhibit 30 listed in the
19 Pretrial Order under Section VI(B) as an exhibit Defendants expect to offer at trial.
20 (ECF No. 125 at p. 2.) Plaintiff contends that it was not timely produced and should
21 therefore be excluded. (*Id*. at pp. 8-10.) Plaintiff also seeks sanctions pursuant to
22 Federal Rule of Civil Procedure 37(c). (*Id*. at p. 10.)

23 Exhibit 30 is described in the Pretrial Order as "[c]hecks and other
24 contributions by Hal Moore to Legacy Pointe." (ECF No. 124 at p. 27.) No bates
25 stamp number is listed as corresponding to the proposed exhibit. (*Id*.) Plaintiff
26 argues this exhibit was not produced in discovery, despite Plaintiff's discovery
27 request for "[a]ll documents that [Defendants] intend to introduce at the trial in this
28 matter." (ECF No. 125 at p. 3; ECF No. 125-3 at Exh. 1, p. 13 (Request No. 45).)

1  Defendants' discovery responses show that Defendants simply objected to Request
2  No. 45 to the extent it seeks information dated, drafted or otherwise created after
3  October 21, 2009, seeks information protected by the spousal privilege, attorney-
4  client privilege, and/or attorney work product privilege, and on the grounds it seeks
5  premature expert witness disclosure, and produced no documents in compliance with
6  the request. (ECF No. 125-3 at Exh. 2 (General Objections & Response to Request
7  No. 45).) There is no suggestion that Defendants supplemented this response.

8  Defendants contend they generally identified the documents in their initial
9  disclosures served on January 14, 2014 and listed the documents again on a revised
10 draft of the proposed Joint Pretrial Conference Order, which was circulated to
11 Plaintiff's counsel on April 18, 2014, and the final proposed Pretrial Order submitted
12 July 21, 2014. (ECF No. 125-2 at Exh. 1; ECF No. 132 at pp. 3-4.) Defendants
13 further argue that Plaintiff did not specifically request copies of such documents
14 during discovery. (ECF No. 132 at p. 3.) Alternately, Defendants argue they
15 objected to Plaintiff's Request No. 45 and Plaintiff did not challenge the response or
16 move to compel. (*Id*. at p. 4.) Plaintiff argues in response that discovery obligations
17 are continuing in nature. (ECF No. 125 at pp. 9-10.)

18 Federal Rule of Civil Procedure 26(e) provides that "[a] party who has made a
19 disclosure under Rule 26(a)—or who has responded to an interrogatory, request for
20 production, or request for admission—must supplement or correct its disclosure or
21 response…in a timely manner if the party learns that in some material respect the
22 disclosure or response is incomplete or incorrect, and if the additional or corrective
23 information has not otherwise been made known to the other parties during the
24 discovery process or in writing." Fed. R. Civ. P. 26(e).

25 If a party fails to comply with Rule 26(e), "the party is not allowed to use that
26 information or witness to supply evidence on a motion, at a hearing, or at a trial,
27 unless the failure was substantially justified or is harmless." Fed. R. Civ. P.
28 37(c)(1). "The party facing sanctions bears the burden of proving that its failure to

disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The Court agrees that Plaintiff requested Exhibit 30 in his requests for production and that Defendants failed to produce such documents. However, the identity of these documents and the prejudicial or otherwise harmless nature of the failure to disclose is still unclear to the Court. As of the time of filing this *ex parte*, Plaintiff had not had an opportunity to review the documents and Defendants did not address in their opposition whether their failure to disclose was substantially justified or harmless. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's *ex parte* motion to exclude Exhibit 30.

### III.   CONCLUSION & ORDER

Accordingly, for the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's *ex parte* application.

**IT IS SO ORDERED.**

DATED: September 10, 2014

Hon. Cynthia Bashant
United States District Judge