1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

JOHN T. HARDISTY,

Plaintiff,

12

13

v.

14

MELANIE MOORE, *ET AL.*,

Defendants.

15
16
17
18
19
20
21
22
23

AND RELATED COUNTERCLAIM

Case No.  11-cv-01591-BAS(BLM)

**ORDER:**
(1)  **GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND OR CORRECT JUDGMENT (ECF NO. 217);**
(2)  **DENYING PLAINTIFF'S MOTION TO AMEND FINDINGS AND JUDGMENT, OR, IN THE ALTERNATIVE, FOR RECONSIDERATION (ECF NO. 218); AND**
(3)  **DENYING DEFENDANTS' MOTION FOR SEVERANCE OF ACTION AND FOR ENTRY OF SEPARATE JUDGMENT ON COUNTERCLAIMS (ECF NO. 230)**

24
25
26
27
28

Presently before the Court is a motion to amend or correct the Court's Findings of Fact and Conclusions of Law (ECF No. 208) and Amended Judgment (ECF No. 209), pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), and a motion for severance of the action and for entry of judgment on counterclaims, pursuant to Federal Rule of Civil Procedure 54(b), brought by defendants Elaine K. Moore aka

Melanie K. Moore ("Melanie Moore"), Harold M. Moore ("Hal Moore"),[1] State Insulation, LLC, an Arizona limited liability company ("State Insulation-Arizona"), State Insulation, LLC, a Nevada limited liability company ("State Insulation-Nevada") (collectively "State Insulation"), The 1998 Harold M. Moore Revocable Trust (the "Trust"), and Mark Peluso (collectively "Defendants").  (ECF Nos. 217, 230.)

Also before the Court is a motion to amend the Findings of Fact and Conclusions of Law and Amended Judgment or, in the alternative, for reconsideration, filed by plaintiff John T. Hardisty ("Plaintiff" or "Hardisty"), pursuant to Federal Rules of Civil Procedure 59(e) and 60.  (ECF No. 218.)  All motions are opposed.

The Court finds these motions suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to amend or correct (ECF No. 217), **DENIES** Plaintiff's motion to amend findings and judgment, or in the alternative, for reconsideration of judgment (ECF No. 218), and **DENIES** Defendants' motion for severance of the action and for entry of judgment on counterclaims (ECF No. 230).

# I.   LEGAL STANDARD

## A.   Federal Rule of Civil Procedure 59(e)

Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a judgment must be brought no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  A motion for reconsideration brought within this time period is construed as a Rule 59(e) motion regardless of the label put on it by the moving party.  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion for reconsideration brought after the expiration of

---

[1]    Melanie Moore, in her capacity as the executrix and the party representative of the estate of Hal Moore, has been substituted as the counter-claimant and a defendant in this action in place of Hal Moore.  (*See* ECF No. 231.)

1  28 days is construed as a motion under Rule 60(b) of the Federal Rules of Civil
2  Procedure. *Id.*

3      In this case, the Amended Judgment was entered on February 23, 2015.  (ECF
4  No. 209.)  Defendants filed their motion to amend or correct judgment on March 18,
5  2015.  (ECF No. 217.)  Plaintiff filed his motion to amend findings and judgment, or,
6  in the alternative, for reconsideration on March 23, 2015.  (ECF No. 218.)  Since the
7  motions were both filed no later than 28 days after entry of the Amended Judgment,
8  they are properly analyzed under Rule 59(e).

9      Federal Rule of Civil Procedure Rule 59(e) provides that, after entry of
10 judgment, a court may alter or amend the judgment.  Fed. R. Civ. P. 59(e).  A Rule
11 59(e) motion is discretionary and need not be granted unless the district court finds
12 that there is an intervening change of controlling law, the availability of new evidence,
13 or the need to correct a clear error or prevent a manifest injustice.  *See Sch. Dist. No.
14 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993); *see
15 also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enters.,
16 Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Additionally, "[t]here is
17 no requirement that reasons be stated for the denial of a motion for reconsideration
18 under Rule 59(e)."  *Briddle v. Scott*, 63 F.3d 364, 381 (5th Cir. 1995).

19     "Although Rule 59(e) permits a district court to reconsider and amend a
20 previous order, the rule offers an extraordinary remedy, to be used sparingly in the
21 interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v.
22 Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and
23 citation omitted); *see also Global View Ltd. Venture Capital v. Great Cent. Basin
24 Exploration, LLC*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) ("The standard for
25 granting such a motion is strict, and reconsideration will generally be denied unless
26 the moving party can point to controlling decisions or data that the court overlooked—
27 matters, in other words, that might reasonably be expected to alter the conclusion
28 reached by the court." (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

1   Cir. 1995)).

2          A Rule 59(e) motion for reconsideration may not be used to raise arguments or

3   present evidence for the first time when they could reasonably have been raised earlier

4   in the litigation.  *Kona Enters., Inc*., 229 F.3d at 890; *see also In re Prince*, 85 F.3d

5   314, 324 (7th Cir. 1996) (a "Rule 59(e) motion cannot be used to present evidence

6   that *could and should* have been presented prior to the entry of final judgment");

7   *Pound v. Airosol Co., Inc*., 368 F. Supp. 2d 1158, 1159 (D. Kansas 2004) ("a party

8   cannot invoke Rule 59(e) to raise arguments or present evidence that should have been

9   set forth in the first instance").  "[A]fter thoughts" or "shifting of ground" do not

10  constitute an appropriate basis for reconsideration.  *Ausmus v. Lexington Ins. Co.*, No.

11  08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

12         Further, a Rule 59(e) motion does not give parties a "second bite at the apple"

13  or permit them to rehash previously rejected arguments.  *See Weeks v. Bayer*, 246 F.3d

14  1231, 1236-37 (9th Cir. 2001); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5

15  (2008) ("[A Rule 59(e) motion] 'may not be used to relitigate old matters.'") (quoting

16  11 C. Wright & A Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d

17  ed.1995)); *see also Keweenaw Bay Indian Cmty. v. State of Mich*., 152 F.R.D. 562,

18  563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete

19  reversal of the court's judgment by offering essentially the same arguments presented

20  on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v.

21  Sony Corp. of Am., Inc*., 820 F. Supp. 834, 856 (D. N.J. 1992), aff'd 37 F.3d 1485 (3d

22  Cir. 1994) ("A party seeking reconsideration must show more than a disagreement

23  with the Court's decision, and recapitulation of the cases and arguments considered

24  by the court before rendering its original decision fails to carry the moving party's

25  burden.").

26  ///

27  ///

28  ///

11cv1591

### B.    Federal Rule of Civil Procedure 54(b)

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved.  Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay.  Entry of judgment in this manner is within the court's discretion.  *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on July 19, 2011.  (ECF No. 1.)  On June 1, 2012, Plaintiff filed a Third Amended Complaint ("TAC"), the operative complaint in this case.  (ECF No. 34.)  The TAC alleges the following ten causes of action: (1) breach of specific promise to answer for the debt of another; (2) aiding and abetting intentional torts; (3) fraud; (4) constructive fraud; (5) quiet title; (6) material misrepresentation in the purchase/sale of securities; (7) conversion; (8) abuse of process; (9) conspiracy; (10) federal securities fraud.  (*Id.*)

On November 22, 2013, the Court granted in part and denied in part Defendants' motion for summary judgment.  (ECF No. 80.)  The Court's order greatly limited the triable allegations in the case, granting Defendants' motion for summary judgment on: misrepresentations/omissions regarding (1) the August 2007 note; (2)

the 2007 deeds of trust; (3) the September 2007 note; (4) the October 2008 note; and (5) alleged representations that Hal Moore would pay for out of scope extras.  (ECF No. 80.)

The following remained for trial: (1) the second cause of action for aiding and abetting intentional torts against Melanie Moore, State Insulation, the Moore Trust, and Mark Peluso; (2) the third cause of action for fraud against all defendants except Mark Peluso; (3) the fourth cause of action for constructive fraud against Hal Moore and Melanie Moore; (4) the sixth cause of action for securities fraud under California Business and Professions Code §25401 *et seq*. against Hal Moore; (5) the seventh cause of action for conversion against all defendants except Mark Peluso; and (6) the ninth cause of action for conspiracy against all defendants except Mark Peluso.  Each of the remaining causes of action was limited to allegations arising from Hardisty's transfer of his 27% ownership interest in Legacy Pointe Apartments, LLC to Hal Moore.  In a supplemental ruling on Defendants' motion for summary judgment, the Court agreed to also consider allegations arising from Hardisty's additional transfer of his 5% ownership interest as a 50% owner of Munson-Hardisty, LLC, as well as an amount of $380,000 allegedly owed by Hal Moore to Hardisty upon completion of the Project.

A bench trial in this case took place from September 16, 2014 to September 19, 2014.  (*See* ECF Nos. 141, 143, 144, 146, 156-159.)  Before the bench trial, both parties submitted proposed Findings of Fact and Conclusions of Law styled as "Trial Briefs."  (ECF Nos. 138, 139.)  Post-trial, in lieu of closing arguments, the parties again submitted "Trial Briefs."  (ECF Nos. 161, 163.)

The Court required the parties to return to court for oral closing arguments on the issue of damages, and, after this oral argument, ordered that evidence be reopened on the issue of damages only.  (ECF Nos. 180, 181.)  The Court took additional evidence on the issue of damages (ECF Nos. 193-201), and then the parties submitted additional post-trial briefs on the issue of damages (ECF Nos. 202-206).  On February

20, 2015, the Court issued Findings of Fact and Conclusions of Law. (ECF No. 208.) An Amended Judgment was entered on February 23, 2015. (ECF No. 209.) The parties now move to amend or correct the Findings of Fact and Conclusions of Law and the Amended Judgment. (ECF Nos. 217, 218.)

## III. DISCUSSION

Defendants move to amend or correct the Findings of Fact and Conclusions of Law and Amended Judgment, arguing: (1) judgment should have been entered only against State Insulation-Arizona as there was no evidence admitted at trial regarding State Insulation-Nevada; (2) the fees awarded for defending the Bond Action and Interpleader Action were incurred by Munson-Hardisty, LLC not Hardisty alone; (3) the amount of attorney's fees award should be reduced by fees incurred by Munson-Hardisty, LLC or paid by Great American; (4) the $380,000 awarded should be reduced by $40,000 based on Hardisty's agreement in the Incentive Agreement to pay Hal Moore up to $40,000 in personal expenses; and (5) if the judgment is reduced by $40,000, the pre-judgment interest on this amount should be reduced accordingly.

Plaintiff moves to amend or correct the Findings of Fact and Conclusions of Law and Amended Judgment, arguing the Court erred in finding the following: (1) no fraud in the inducement was committed by Defendants in connection with the Incentive Agreement; and (2) that the Incentive Agreement effected a transfer of Plaintiff's membership interest. The Court addresses the parties' arguments below.

### A. DEFENDANTS' MOTION TO AMEND/CORRECT

#### 1. State Insulation-Arizona

During the trial, Hal Moore testified that he and State Insulation were one and the same and the parties made no effort to distinguish between the State Insulation entities. All of the testimony presented at trial regarding Hal Moore using State Insulation as a shill to take collateral assignment of claims and file a lawsuit on his behalf was made with respect to State Insulation, without specifying whether the evidence pertained to State Insulation-Nevada or State Insulation-Arizona. The Court

1    was therefore entitled to infer that the reason no distinction was made was because

2    Hal Moore, for whom these entities were a shill, made no distinction between the two.

3    They were all, in his words, one and the same.

4         However, in his response to Defendants' motion, Plaintiff does not dispute that

5    "the entity that colluded in respect to the Moores' fraud" was State Insulation-Arizona.

6    (*See* ECF No. 223 at p. 3, lines 2-3.)  In addition, the exhibits introduced at trial, in

7    combination with the Answer to the TAC, demonstrate that only State Insulation-

8    Arizona was involved in the collateral assignments and the Bond Action.

9    Accordingly, the Court **GRANTS** Defendants' motion with respect to State

10   Insulation-Nevada.

11         In doing so, the Court notes that the Incentive Agreement, which was admitted

12   at trial, refers only to State Insulation-Arizona with respect to the collateral

13   assignments.  Specifically it states:

> 14   Moore agrees to fund shortfall of construction cash ("bridge loan"), as
> needed, to Hardisty through State Insulation, LLC, an Arizona Limited
> 15   Liability Corporation.  State Insulation, LLC will write checks to
> subcontractors, suppliers and vendors in exchange Hardisty-Munson
> 16   <u>guarantees</u> it will receive a written "Collateral Assignment" (as per the
> attached) to ensure reimbursement by HUD through the draw process.
> 17   . . . State Insulation, LLC will be reimbursed through Legacy Pointe
> 18   Apartments, LLC for all money spent.
> 19

20   (Exhibit 68 at ¶ 6.)

21         Additional exhibits admitted at trial reflect that only State Insulation-Arizona

22   received the collateral assignments and paid the subcontractors, suppliers, and

23   vendors.  (*See* Exhibits 70, 111.)  The collateral assignments all state:

> 24   In consideration of the sum of $ . . . (the "Contract Payable Amount")
> paid to me by State Insulation, LLC an Arizona Limited Liability
> 25   Company (the "Payor") the undersigned subcontractor/material
> supplier hereby absolutely and irrevocably transfers to the Payor the
> 26   rights to receive a sum of money equal to the Contract Payable Amount
> directly from Munson Hardisty, LLC (the "Contractor") in connection
> 27   with the work performed and/or materials supplied for the construction
> 28   of a project known as Legacy Pointe Apartments located in Knoxville,

11cv1591

Knox County, Tennessee (the "Project").

(*See* Exhibits 70, 111; *see also* ECF No. 40 at ¶ 128.)

Lastly, although the complaint in the Bond Action[2] is ambiguous on its face as to which State Insulation entity is the plaintiff, Defendants admit in the Answer to the TAC that State Insulation-Arizona filed the Bond Action.  (*See* Exhibit 124; ECF No. 40 at ¶ 162.[3])  Although the Answer was not admitted as an exhibit at trial, to the extent necessary, the Court hereby takes judicial notice of the Answer to the TAC.

Plaintiff raises concerns about State Insulation-Nevada using his concession as an opportunity to assert claims against him or Munson-Hardisty, LLC with respect to the Project in the future.  (*See* ECF No. 223 at p. 3.)  There is nothing before the Court, however, to suggest State Insulation-Nevada has a claim, can have a claim, or has attempted to assert a claim against Plaintiff or Munson-Hardisty, LLC.

Based on the foregoing, the Court will issue an Amended Findings of Fact and Conclusions of Law.

### 2. Reduction of $380,000 Tort Damages Award

In their motion, Defendants claim that the $380,000 award of tort damages to Plaintiff should be reduced by $40,000 under the Incentive Agreement, plus interest. (ECF No. 217-1 at p. 9.)  However, Defendants withdrew this request in their reply. (*See* ECF No. 224 at p. 2, n. 1.)  As this request has been with withdrawn, Defendants' motion with respect to its request for a reduction of the $380,000 award by $40,000 plus interest is **DENIED AS MOOT**.

### 3. Attorneys' Fees in Tennessee Actions

In its Findings of Fact and Conclusions of Law, the Court found that Plaintiff was personally liable and "forced to incur $148,036.45 in attorneys' fees associated

---

[2]     *State Insulation, LLC v. Great Am. Ins. Co.*, Case No. 09-cv-00526-RLJ (CCS) (E.D. Tenn.).

[3]     *See also* ECF No. 204, Exhibit 3 (Interpleader Complaint); ECF No. 208 at p. 5, n. 3 (taking judicial notice of ECF No. 204, Exhibit 3).

with defending the Bond Action and Interpleader Action in Tennessee." (*See* ECF No. 208 at pp. 8, 10, 12, 25, 26, lines 20-22.) Defendants argue that Plaintiff should not be awarded attorneys' fees associated with defending the Bond Action and Interpleader Action in Tennessee because "he failed to present any competent evidence to prove that attorneys' fees were incurred by him and whether the fees were in fact reasonable." (ECF No. 217-1 at p. 6, line 28 – p. 7, line 1.) Specifically, Defendants argue that Munson-Hardisty, LLC and GAIC, and not Plaintiff, incurred the fees for Baker Donelson and Manier & Herod, and that these fees were paid for by GAIC pursuant to a Settlement Agreement. (*Id.* at p. 7.)

Upon review of Defendants' motion and consideration of the arguments presented therein, the Court finds Defendants have not raised an intervening change of controlling law, presented newly available evidence, or established that the Court committed clear error in its finding. Defendants have also failed to establish that amendment is required to prevent manifest injustice. On the contrary, the Court finds that reducing the award would cause manifest injustice to Plaintiff. Based on the evidence and testimony presented at trial, the Court found that Hardisty is personally liable for the attorney's fees incurred in defending the Bond Action and Interpleader Action. Accordingly, the Court **DENIES** Defendants' motion as to the attorneys' fees award. *See Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1262-63; *Allstate Ins. Co.*, 634 F.3d at 1111; *Kona Enters., Inc.*, 229 F.3d at 890.[4]

### B.   PLAINTIFF'S MOTION TO AMEND/RECONSIDER

In his motion to amend the Findings of Fact and Conclusions of Law or, in the alternative, for reconsideration of the Amended Judgment, Plaintiff asks the Court to reconsider its findings that (1) no fraud in the inducement was committed by

---

[4]   Although not required, the Court has also considered the grounds for relief listed in Federal Rule of Civil Procedure 60(b), and finds that Defendants have also failed to establish that they are entitled to reconsideration under Rule 60(b) on this issue. *See* Fed. R. Civ. P. 60(b).

11cv1591

Defendants in connection with the Incentive Agreement; and (2) the Incentive Agreement effected a transfer of Plaintiff's membership interest.  Plaintiff's motion must be denied.  First, the Court notes that Plaintiff raises the same arguments he raised in prior briefing.  A Rule 59(e) motion is not an opportunity to rehash arguments that were unsuccessful.  *See Weeks*, 246 F.3d at 1236-37; *Exxon Shipping Co.*, 554 U.S. at 485 n. 5.  Second, upon review of Plaintiff's motion, the Court finds Plaintiff has failed to raise an intervening change of controlling law, present newly available evidence, establish that the Court committed clear error in its Findings of Fact and Conclusions of Law, or show that amendment is necessary to prevent manifest injustice.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1262-63; *Allstate Ins. Co.*, 634 F.3d at 1111; *Kona Enters., Inc.*, 229 F.3d at 890.[5]  For these reasons, the Court **DENIES** Plaintiff's motion in its entirety.

### C.    DEFENDANT'S MOTION TO SEVER

Defendants bring a motion to sever the action and enter separate judgment on the Counterclaim pursuant to Federal Rule of Civil Procedure 54(b).  Defendants argue that "[i]f a separate judgment on the Counterclaims is entered, the parties can proceed forward to resolution of the Counterclaims in accordance with their agreement."  (ECF No. 230-1 at p. 5, lines 4-6.)  However, if their motion is denied, Defendants argue "the estate of Hal Moore will be forced to await the determination of the entire controversy before resolution of the counterclaim."  (*Id.* at p. 5, lines 11-13.)  Plaintiff opposes a severance, arguing "there is a compelling reason to retain the Counterclaims and the Complaint together because Plaintiff would be prejudiced and his rights impaired."  (ECF No. 232 at p. 2, lines 15-17.)  As a final judgment on all claims in this case, including the Counterclaim, will be entered following the issuance

---

[5]    Although not required, the Court has also considered the grounds for relief listed in Federal Rule of Civil Procedure 60(b), and finds that Plaintiff has also failed to establish that he is entitled to reconsideration under Rule 60(b).  *See* Fed. R. Civ. P. 60(b).

of this Order, and Plaintiff maintains he will be prejudiced by severing the action and his rights impaired, the Court, in its discretion, **DENIES** Defendants' motion.

## VI.    CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to amend or correct (ECF No. 217), **DENIES** Plaintiff's motion to amend findings and judgment, or in the alternative, for reconsideration of judgment (ECF No. 218), and **DENIES** Defendants' motion for severance of the action and for entry of judgment on counterclaims (ECF No. 230). The Court will issue an Amended Findings of Fact and Conclusions of Law consistent with this Order.

**IT IS SO ORDERED.**

DATED:  October 22, 2015

Hon. Cynthia Bashant
United States District Judge