# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>                Plaintiff,<br><br>   v.<br><br>MELANIE MOORE, *et al.*,<br><br>                Defendants. | Case No. 11-cv-01591-BAS(BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DETERMINE LIEN SATISFACTION**<br><br>**[ECF No. 260]** |

     Plaintiff John T. Hardisty moves for an order determining that a state lien filed in this action has been satisfied. (ECF No. 260.) Defendants collectively oppose. (ECF No. 261.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion.

     In 2011, the Mono County Superior Court entered a $166,576.32 judgment against Plaintiff and in favor of Defendant Harold M. Moore. (ECF No. 151-1.) Based on this judgment, Mr. Moore filed a lien in this action under California state law that attached "to any cause of action of [Plaintiff] . . . and to [Plaintiff]'s rights to money

or property under any judgment subsequently procured in this action or proceeding."[1] (ECF No. 150.) Plaintiff later obtained a $675,101.66 judgment in this case against Defendants (ECF Nos. 209, 237), which Defendants have appealed (ECF No. 240). On November 30, 2016, Defendants posted a supersedeas bond in the amount of $843,877. (ECF Nos. 258, 259.) Subsequently, on December 16, 2016, Plaintiff filed this motion concerning the satisfaction of the judgment lien. (ECF No. 260.)

Federal Rule of Civil Procedure 69(a)(1) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Thus, in this case, California state law provides the procedure for obtaining a lien on a judgment. *See id.*; *see also, e.g.*, *Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 960 (9th Cir. 2007) (noting that "[c]onsistent with Rule 69(a), the government filed a notice of a judgment lien" under California state law to enforce a $2,872,634.89 restitution judgment from a federal criminal proceeding).

Under California state law, a judgment lien is available to a "judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action." Cal. Civ. Proc. Code § 708.410(a). "To obtain a lien . . . the judgment creditor shall file a notice of lien and an abstract or certified copy of the judgment creditor's money judgment in the pending action." *Id.* § 708.410(b). Once a judgment lien has been filed, state law also provides the procedure for satisfying the lien with a judgment obtained by the judgment debtor. *See id.* § 708.470(a); *accord Ministry of Def. & Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 984 F. Supp. 2d 1070, 1096 (S.D. Cal. 2013) (Moskowitz, J.). Specifically, California Code

---

[1] Mr. Moore has since passed away. (ECF No. 228.) The Court granted a request by Defendant Elaine Moore—also known as Melanie Moore—to be substituted in place of Mr. Moore in her capacity as the executrix and party representative of the estate of Mr. Moore. (ECF No. 231.)

of Civil Procedure section 708.470(a) provides that "any party to the action" may file a motion requesting the court "order that the judgment debtor's rights to money or property under the judgment be applied to the satisfaction of the lien."

Here, there is a lien on Plaintiff's judgment under California state law for the amount of the Mono County judgment. The Court construes Plaintiff's motion as seeking to invoke the procedure set forth in section 708.470(a) for satisfying the lien because the motion ultimately seeks an order providing that Plaintiff's "rights to money" under this Court's "judgment be applied to the satisfaction of" the judgment lien. *See* Cal. Civ. Proc. Code § 708.470(a).[2] However, before Plaintiff invoked this procedure by filing a motion, Defendants posted a supersedeas bond and stayed Plaintiff's judgment. *See* Fed. R. Civ. P. 62(d). Because the judgment was stayed before Plaintiff filed his request, the Court concludes it lacks the authority to now "order that the judgment debtor's rights to money or property under the judgment be applied to the satisfaction of the lien." *See* Cal. Civ. Proc. Code § 708.470(a); *see also* Fed. R. Civ. P. 62(d). The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's motion to determine satisfaction of the judgment lien (ECF No. 260). Once the appeal has been resolved and the stay imposed by the posting of the supersedeas bond has been lifted, Plaintiff may renew his request.

**IT IS SO ORDERED.**

**DATED: April 25, 2017**

Hon. Cynthia Bashant
United States District Judge

---

[2] The Court recognizes that Plaintiff believes he satisfied the judgment lien by tendering a portion of his judgment to Mr. Moore via letter. As noted, however, California Code of Civil Procedure section 708.470(a) sets forth the procedure for Plaintiff to request—by motion—that his "rights to money . . . under the judgment" be applied to satisfy the judgment lien. Further, although a party may tender money or performance to satisfy an obligation, "[a] valid tender of performance must be of the full debt, in good faith, unconditional, and with the ability to perform." *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1053 (2013). At the time Plaintiff attempted to tender his judgment to satisfy his obligation to Mr. Moore, the judgment was automatically stayed under Federal Rule of Civil Procedure 62(a)(1). Thus, even assuming Plaintiff could tender his right to money under this Court's judgment to satisfy the Mono County judgment, he could not do so when he lacked the ability to execute on the Court's judgment. *See* Fed. R. Civ. P. 62(a)(1); *Intengan*, 214 Cal. App. 4th at 1053.