# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>   Plaintiff,<br><br>v.<br><br>MELANIE MOORE, *et al.*,<br><br>   Defendants. | Case No. 11-cv-01591-BAS-BLM<br><br>**ORDER DENYING MOTION FOR POST-JUDGMENT RELIEF**<br><br>**[ECF No. 264]** |

Plaintiff John T. Hardisty moves for post-judgment relief concerning deeds of trust recorded on two of his properties. (ECF No. 264.) Alternatively, he requests this Court determine the sufficiency of a supersedeas bond posted by Defendants. (*Id.*) Defendants oppose. (ECF No. 265.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's motion.

## I.   Request for Court Order Concerning Deeds of Trust

Plaintiff's first request is styled as a "motion to enforce ruling." (Mot. 1:14–15.) To explain this request, the Court will provide a truncated background. As part of a real estate development project financed by the U.S. Department of Housing and

Urban Development ("HUD"), Hal Moore contributed $1.5 million in capital to the project. (Am. Findings of Fact & Conclusions of Law 3:20–21, ECF No. 236.) In return, Plaintiff "agreed to seek approval from HUD for the transfer of a 50% membership interest in [the project] to Hal Moore and signed a Promissory Note Secured by Deeds of Trust dated August 20, 2007 in the amount of $1.5 million." (*Id.* 3:21–24.) "In the Promissory Note, [Plaintiff] agreed to pay 13% interest per year on the unpaid balance of the $1.5 million investment." (*Id.* 3:24–4:1.)

In his Third Amended Complaint, Plaintiff brought a claim under California state law to quiet title in the properties subject to the deeds of trust securing the $1.5 million loan. (Third Am. Compl. ¶¶ 257–67, ECF No. 34.) He alleged that Defendants have "no right, title, estate, lien, or interest" in the subject properties and sought to "quiet title as of the date of the filing of this Complaint." (*Id.* ¶¶ 266–67.)

A quiet title action seeks "to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he [or she] may be entitled to." *Peterson v. Gibbs*, 147 Cal. 1, 5 (1905). Therefore, a plaintiff may bring a quiet title action "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020.

In 2013, Defendants moved for summary judgment on Plaintiff's quiet title claim. (Mot. Summ. J. 17:12–18:6, ECF No. 59-1.) Defendants argued Plaintiff's quiet title claim should be adjudicated in their favor because Plaintiff had failed to properly bring this claim. (*Id.* 18:3–6.) Judge Battaglia granted the motion, noting Plaintiff "did not oppose dismissal of this claim for failure to set forth the allegations in a verified complaint." (Summ. J. Order 25:16–19, ECF No. 80.)

This case proceeded to a bench trial. By then, only several of Plaintiff's causes of action remained. "Each of the remaining causes of action was limited to allegations" concerning: (i) Plaintiff's "transfer of his 27% ownership interest" in the project, (ii) Plaintiff's separate transfer of another ownership interest, and (iii) "an

amount of $380,000 allegedly owed by Hal Moore to [Plaintiff] upon completion of the" project. (Am. Findings of Fact & Conclusions of Law 2:19–26.) Ultimately, Plaintiff prevailed on his claim seeking $380,000 and certain attorneys' fees he incurred in another jurisdiction in connection with Defendants' tortious conduct. (*Id.* 25:18–26:14.) After an adjustment for prejudgment interest, the Court found Plaintiff is entitled to recover $675,101.66. (*Id.* 27:16–20.) Plaintiff, however, had also accepted before trial an offer of judgment under Federal Rule of Civil Procedure 68 with respect to a counterclaim against him. (ECF No. 130.) Thus, in addition to entering judgment in Plaintiff's favor for $675,101.66, the Court also entered judgment against him for $750,000. (Second Am. J., ECF No. 237.) Since then, this case has been on appeal.

Now, over three years after trial, Plaintiff brings this "motion to enforce ruling." (Mot. 1:14–15.) Plaintiff is not, however, seeking to enforce a determination this Court made at trial. Rather, the motion concerns a statement from Judge Battaglia's order on Defendants' motion for summary judgment. (*Id.* 2:7–9.) In discussing the $1.5 million loan Hal Moore made and its associated promissory note, Judge Battaglia reasoned that "any disagreement between the parties regarding Plaintiff's justifiable reliance or the application of the parol evidence rule with regard to the August 2007 Note is moot because the Court finds the August 2007 Note was canceled when Plaintiff transferred the 50% membership interest in [the project] to Defendant Hal Moore." (Summ. J. Order 13:12–15.) The Court made this statement while granting "Defendants' motion for summary judgment with respect to alleged misrepresentations regarding the August 2007 Note." (*Id.* 13:16–17.)

Plaintiff reports that since the Court's summary judgment order, he has requested that Defendants reconvey the deeds of trust on his properties. (Mot. 2:12–15.) He based this request on the Court's statement that the August 2007 Note was cancelled. (*Id.* 2:12–15.) Yet, Defendants have apparently refused to do so. (*Id.* 2:14–

15.) They assert the deeds of trust also secure additional promissory notes that were executed after the August 2007 Note. (Opp'n 6:1–23.)

Dissatisfied with this response, Plaintiff brings this motion to somehow enforce the Court's statement in its 2014 summary judgment order, which—as mentioned—granted partial summary judgment against Plaintiff and dispensed with his quiet title claim. He wants the Court to "order Defendants to remove the improperly asserted liens in aid of implementation of the Court's ruling that the $1.5 million note was cancelled as of November 2007." (Mot. 5:1–3.)

The Court will not issue the requested order. Plaintiff's request is peculiar. At bottom, he is using a post-judgment motion to request that this Court quiet title in his properties. But Plaintiff's quiet title claim was summarily adjudicated in Defendants' favor. It was not at issue at trial, and as far as this Court can surmise, this post-judgment motion is the first time Plaintiff has attempted to raise this controversy since his quiet title claim was summarily dismissed. Moreover, this matter is not one of compliance with the Court's prior order. The Court never ordered Defendants to reconvey the deeds of trust recorded on Plaintiff's properties.

That being said, the Court expresses no opinion on whether Plaintiff may be successful in pursuing other avenues of relief outside of this Court, including California's statutory procedure for reconveyance of a deed of trust where the obligation "has been fully satisfied and the present mortgagee or beneficiary of record . . . refuses to execute and deliver a proper certificate of discharge or request for reconveyance." *See* Cal. Civ. Code § 2941.7; *see also Carter v. Cont'l Land Title Co.*, 233 Cal. App. 3d 1597, 1598 (1991) ("Civil Code section 2941.7 provides a procedure by which a borrower may obtain reconveyance of a trust deed, when the obligation secured by the trust deed has been paid and the lender cannot be located or refuses to request the trustee to reconvey."). For this proceeding, however, the train has already left the station—several years ago. Plaintiff's request for post-judgment relief is denied.

## II. Request to Determine Sufficiency of Supersedeas Bond

In the alternative, Plaintiff requests this Court "vacate the approval of Defendants' bond because the bond is insufficient." (Mot. 5:7–10.) To summarize Plaintiff's position, he argues that if Defendants are appealing the Court's statement that "the August 2007 Note was canceled when Plaintiff transferred the 50% membership interest in [the project] to Defendant Hal Moore," they should be forced to increase their supersedeas bond on file to account for the additional consideration at stake. (*Id.* 5:7–17.) Plaintiff therefore asks this Court to order Defendants to increase the amount of their bond "by no less than $1,875,000." (*Id.* 5:16–17.)

Federal Rule of Civil Procedure 62(d) permits a stay of the execution of a final judgment pending appeal when the moving party posts a supersedeas bond. The purpose of a supersedeas bond is to shield an appellee from a loss that could result from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

"District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Thus, a court has not only "discretion to allow other forms of judgment guarantee," *Int'l Telemeter, Corp. v. Hamlin Int'l Corp.,* 754 F.2d 1492, 1495 (9th Cir. 1985), but also "broad discretionary power to waive the bond requirement if it sees fit," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989). However, "the standard practice of district courts is to require that the supersedeas bond be a surety bond, and that it be for the full amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J (WMC), 2009 WL 1390811, at *2 (S.D. Cal. May 15, 2009) (citation omitted).

In this case, the Court approved a supersedeas bond in the amount of $843,877.00. (ECF No. 258.) This bond represents 125% of the amount of damages

the Court determined Plaintiff is entitled to—$675,101.66. (*See* Second Am. J.) Having considered Plaintiff's motion, the Court is not persuaded that it should exercise its discretion to require Defendants to post a larger bond. Plaintiff does not convincingly demonstrate the current bond fails to shield him from a loss that could result from the stay. *See Rachel*, 831 F.2d at 1505 n.1. Consequently, the Court denies Plaintiff's request to increase the supersedeas bond.

### III.   Conclusion

In light of the foregoing, the Court **DENIES** Plaintiff's motion for post-judgment relief (ECF No. 264).

**IT IS SO ORDERED.**

DATED: January 25, 2018

Hon. Cynthia Bashant
United States District Judge